No. 701

AYMAR v. SLIGH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7435.   Decided June 13, 1927.

Mauck, PJ., and Middleton, J., of the 4th District, sitting by designation.

118.   AUTOMOBILES — 480.   Evidence — Where defendant admits that automobile accident was his fault, interrogation, on cross examination, in respect to distance he drove machine before stopping after collision, is competent as reflecting on force with which plaintiff was struck.

225.   CHARGE OF COURT—In action for damages arising out of automobile accident, defendant has right to have jury advised that

they are not to punish him because he admits his guilt.

Error to Common Pleas.

Judgment reversed.

First Publication of this Opinion.

BY THE COURT.

This is an action for damages resulting from personal injuries received by Sligh when he was struck by an automobile driven and operated by Aymar. In the trial court Aymar admitted his liability and this admission eliminated all questions except the amount of damages Sligh should recover.

It is claimed here that the trial court erred when, under such conditions and situation, it permitted counsel for Sligh, on cross examination, to interrogate Aymar in respect to the distance he drove his machine before stopping after the collision. From this examination it appeared that Aymar's machine did not stop at all but that he continued on his way after the accident. It is contended that this evidence was not competent for any purpose and that it was highly prejudicial, in that it tended to arouse the indignation of the jury against Aymar by reason of his failure to stop his machine after striking Sligh. While there may be some substance in this argument, this evidence was competent as reflecting on the force with which Sligh was struck and therefore on the probable and natural effect of the impact on him as reflected by the nature of the injuries he received. Its admission, therefore, was not erroneous.

The trial court, however erred in refusing to give the special instruction requested by Aymar before argument. That instruction was in part, as follows:

"In this case the defendant, in his answer, has admitted that he was to blame for the accident. * * * I wish to say to you at this time that in your verdict you must not penalize or punish the defendant because he has admitted responsibility for the accident.* * * You must not, therefore, award the plaintiff any amount beyond the fair or reasonable compensation for his losses as shown by the evidence."

It is contended by Aymar in this proceeding that this instruction was not proper because the jury might infer from it that because the defendant admitted responsibility he should be favored. They contend that the charge was not fair and impartial because it omitted to say to the jury that the fact that the defendant admitted his responsibility should afford no reason for the jury to favor him in any respect. We cannot attribute to this instruction the meaning claimed by counsel. This instruction was warranted, as Aymar had the right to have the jury advised that they were not to punish him because he admitted his guilt. It is well settled that a special instruction is not required to cover every possible contingency or condition in a case. 109 OS. 325 We would not disturb this judgment because of its amount, but for refusing to give the instruction aforesaid and under the authority of Chesrown v. Bevier, 101 OS. 282, we are constrained to enter a reversal.

Judgment reversed.

(Mauck and Middleton, JJ., concur.)

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Aymar; Bartholmew, Leeper & McGill for Sligh; all of Cleveland.