MILLER, APPELLANT, *v.* IRVIN ET AL., APPELLEES.

(No. 7-86-5 — Decided June 14, 1988.)

*Bolotin Law Offices* and *Samuel G. Bolotin,* for appellant.

*Meekison & Donovan* and *John Donovan,* for appellees.

EVANS, J. This is an appeal from a judgment by the Court of Common Pleas of Henry County overruling appellant's motion for a new trial.

On September 9, 1982 appellant, Raymond J. Miller, was traveling north on State Route 109 in Henry County when he came upon a southbound school bus that had stopped to pick up a student. Appellant stopped his vehicle while the student boarded the bus. While appellant was stopped on the highway, Douglas Irvin, who was operating a semi-tractor and trailer and who was also heading north, failed to notice appellant sitting on the highway and struck appellant's vehicle from behind, propelling it for some distance down the highway. As a result of the accident, appellant suffered physical injuries and a loss of wages. Appellant filed a complaint against appellees, Douglas Irvin and Gary Hogrefe, on March 5, 1984. Appellees admitted liability, and a trial by jury was held on December 17, 1985 to

determine damages only. After hearing all the evidence, the jury returned a verdict in favor of appellant in the amount of $7,000. On January 24, 1986, appellant filed a motion for a new trial arguing the inadequacy of the award, the verdict was against the manifest weight of the evidence, the judgment was contrary to law, jury misconduct, and other errors of law. On March 21, 1986, appellant's motion for a new trial was overruled. It is from this decision which appellant now appeals.

The unrefuted evidence is that appellant was employed as a truck driver at the time of the accident and earned $499.90 per week. Appellant worked the two weeks immediately following the accident, but stopped working after being ordered to do so by his treating physician. On June 20, 1983, after several months of physical therapy, appellant was released by his physician and permitted to return to work, but was told not to lift any objects weighing over thirty-five pounds. However, appellant did not return to work on June 20, 1983 as permitted by his physician because he had no job. According to appellant, while he was off work and recuperating, his employer replaced him with another driver. Appellant testified that once he was allowed to return to work he sent out approximately twenty resumes and diligently searched for work, but found nothing until he was rehired by his former employer in August 1983.

Appellant has asserted as his first assignment of error the following:

"The trial court erred in excluding, as evidence of impact, the reading of any or all of the depositions of Douglas Irvin and photographs of the damaged vehicles and testimony thereto."

Appellant contends that he should have been allowed to introduce the deposition of appellee Douglas Irvin as evidence to prove the force with which appellant's vehicle was struck. The trial court refused with the following explanation:

"Put on the record the plaintiffs' attorneys want to read from the Irvin deposition a statement that he made regarding the weight of his truck and the fact that he was picking up speed, and I denied them that opportunity because that has nothing to do with the nature of the injuries suffered by these plaintiffs.[1] Liability has been admitted, and there is no testimony that the court has heard from Dr. Koskela and also no evidence in Dr. Jaeblon's deposition that deals with this subject, so, therefore, it is not relevant."

We do not agree that the testimony of Douglas Irvin is irrelevant. Even though appellees admitted liability the force with which appellant's vehicle was struck reflects on the probable effect of the impact on appellant and the injuries he received. The first paragraph of the headnotes in *Aymar* v. *Sligh* (App. 1927), 5 Ohio Law Abs. 624, states:

"Where defendant admits that automobile accident was his fault, interrogation, on cross-examination, in respect to [the] distance he drove [the] machine before stopping after collision, is competent as reflecting on force with which plaintiff was struck."

Further, the court in *Johnson* v. *Knipp* (1973), 36 Ohio App. 2d 218, 221-222, 65 O.O. 2d 342, 344, 304 N.E. 2d 914, 917, stated:

"It is a well established principle in Ohio that, when liability is admitted in a personal injury case, there is no defense, and the only remaining issue is the nature and extent of the injury as such is determinative of the amount of damages to be allowed. * * *

"It is likewise the general rule that

---

[1] There is only one plaintiff-appellant participating in this appeal.

the force of the impact is admissible as bearing on the extent of the injuries. * * *"

We find the trial court erred in not allowing appellant to introduce into evidence that portion of appellee Irvin's deposition in which he described the collision.

For the reasons previously discussed, we also find error in the trial court's decision denying appellant the right to introduce the photographs that showed the damage to the vehicles involved in the collision. After laying the proper foundation appellant should have been afforded the opportunity to introduce the photographs for the purpose of demonstrating impact. Appellant's first assignment of error is well-taken.

Appellant has asserted the following as his second assignment of error:

"The trial court erred in failing to grant a new trial where the inadequacy of the damage award was the product of passion and prejudice."

After hearing all the evidence, the jury returned a verdict in favor of appellant and awarded him $7,000. The following evidence was unrefuted:

(1) At the time of the accident, appellant was working as a truck driver with Miller Bros. Trucking, Inc., and had worked there since at least 1979. He had earned $499.90 per week since February 11, 1982.

(2) Following the accident on September 9, 1982, appellant worked two weeks; then, he was instructed by his physician not to work until further notice.

(3) Appellant was released from his doctor's care on June 20, 1983, or approximately thirty-six weeks after the accident, and permitted to return to work.

(4) Appellant submitted medical expenses incurred by him as a result of the accident which totaled $2,316.76.

(5) Appellees admitted liability.

According to the foregoing evidence, appellant's lost wages were at least $16,996.60 (thirty-four weeks at a rate of $499.90). This amount covers only those wages that were lost between the time of the accident and June 20, 1983, or the date appellant was released from his doctor's care. It does not include any wages that may have been lost as a result of appellant's losing his job while he was convalescing. Adding $16,996.60, or the minimum amount of wages appellant lost, to his medical expenses of $2,316.76 results in special damages alone of at least $19,313.36.

Based on the minimum amount of special damages appellant should have been awarded, we find the jury verdict was grossly inadequate. Not only was the $7,000 awarded insufficient to compensate appellant for his special damages, but he was also entitled to some award for his pain and suffering, which he obviously was not awarded. See *Vanbuskirk* v. *Pendleton* (Jan. 18, 1980), Crawford App. No. 3-79-14, unreported, at 8-10.

The purpose of a civil trial is to fully compensate the injured party for his losses. When that trial has resulted in an award to the injured party so inadequate as to deny him the justice that he deserves, the court should grant a new trial. See *Brannon* v. *Bowers* (App. 1946), 46 Ohio Law Abs. 444, 65 N.E. 2d 676. As explained by the court in *Toledo Railways & Light Co.* v. *Mason* (1910), 81 Ohio St. 463, 91 N.E. 292, at paragraph two of the syllabus:

"On error in the circuit court [court of appeals] to the overruling of a motion for a new trial on the ground of the inadequacy of the damages found by the jury in an action for personal injuries, the circuit court may reverse the judgment of the court of common pleas and grant a new trial on the ground that the verdict is not sustained by sufficient evidence."

After reviewing the uncontradicted facts of this case we find that the jury's award was not sustained by the evidence. We have noted that the jury requested information regarding the insurance coverage appellant may have had, and while we recognize that the trial court admonished the jury not to take insurance coverage into consideration, the award indicates that they may have done just that. However, for whatever reason, the award given by the jury is so inadequate that a new trial is in order. Appellant's second assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings pursuant to law.

*Judgment reversed*
*and cause remanded.*

COLE and MILLER, JJ., concur.