[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant, Elizabeth Corbin [Corbin], appeals from the judgment entry nunc pro tunc of the Court of Common Pleas of Union County, in which a verdict was rendered against Defendant-appellee, Dorothy J. Mosier [Mosier], in the amount of $4,600.
On November 10, 1996, Corbin was a passenger in a vehicle driven by her husband. An accident occurred when Mosier failed to yield and turned left in front of Corbin's car. As a result, Corbin sustained a double fracture to her tibia bone in the right leg. Corbin's husband also sustained injuries. Eventually Corbin and her husband filed suit against Mosier requesting an amount of damages in excess of $25,000. A jury trial was also requested. Because Mosier stipulated to liability, the only issues to be tried were the nature, extent and proximate cause of the injury and the amount of damages, if any, to which Corbin and her husband were entitled.
Prior to trial, Corbin's husband settled his claim against Mosier. Thus, when the matter proceeded to trial on October 30 and 31, 1997, only Corbin's claim was in dispute. Ultimately, a verdict was rendered for Corbin in the amount of $4,600. Because Corbin felt, based on the evidence presented, this was an insufficient amount to compensate her for her past and future medical expenses and past, present and future pain and suffering, she filed a motion in the trial court for a new trial. This motion was denied and the October 31, 1997 verdict was memorialized in a nunc pro tunc entry on November 21, 1997. Based on the denial of this motion, and several additional asserted errors made by the trial court during the course of trial, Corbin now appeals from this verdict. The following are her assignments of error:
 I. The trial court erred in denying Plaintiff's motion for a new trial.
 II. The trial court erred in not submitting Plaintiff's jury interrogatories to the jury.
 III. The trial court erred in not allowing Plaintiff's witness, Mr. Dale Corbin, to testify as to the nature and extent of Plaintiff's injuries.
The assignments of error will be addressed in turn.
Corbin's first assignment of error asserts that the trial court erred when it denied her motion for a new trial in view of the jury's damages award. The granting of a new trial is governed by Civ.R. 59, which states:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence[.]
The case of Fields v. Dailey (1990), 68 Ohio App.3d 33, 38-39, describes the law pertinent to this rule:
 Generally, a trial court may grant a new trial as to any part or all of the issues raised in the trial. Civ.R. 59(A). A judgment granting a new trial pursuant to Civ.R. 59 and reflecting the exercise of discretion by the trial court will not be reversed absent an abuse of discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, * * * paragraph one of the syllabus, and Jenkins v. Krieger (1981), 67 Ohio St.2d 314, 320[.] Where the new trial is granted because the verdict is contrary to the weight of the evidence, a reviewing court should assess the evidence favorably to the trial court's factual findings rendered in support of the Civ.R. 59(A)(6) determination. Rohde, 23 Ohio St.2d at 94 * * * The granting of a new trial because the verdict is so excessive as to be the result of passion or prejudice likewise rests in the exercise of discretion by the trial court. Cf. Larrissey v. Norwalk Truck Lines, Inc. (1951), 155 Ohio St. 207, 219-222 * * *; see, also, Malik v. Central Ohio Disposal Co., Inc. (Sept. 21, 1989), Franklin App. No. 88AP-1169, unreported[.] Factors to be assessed in reviewing the exercise of discretion by the trial court under Civ.R. 59(A)(4) include the excessive nature of the verdict, consideration by the jury of incompetent evidence, improper argument by counsel, or other improper conduct which can be said to have influenced the jury. See Fromson Davis Co. v. Reider (1934), 127 Ohio St. 564, * * * paragraph three of the syllabus; Larrissey, supra, 155 Ohio St. at 219[.]
In this matter, the costs incurred by Corbin for the physical harm she suffered was not intensely debated. The past medical treatment costs of $13,900 were not disputed. In fact, Mosier stated in her closing argument that these medical costs were reasonable, necessary and appropriate. Although the future medical bills were not as definite, testimony was given that Corbin would incur approximately $5,000 of such costs.
On the other hand, much debate centered on the size of the award of pain and suffering damages, which Corbin appropriately requested. See Miller v. Irvin (1988), 49 Ohio App.3d 96, 98;Guckes v. Feusner (Mar. 26, 1996), Hancock App. No. 5-95-39, unreported; Vanbuskirk v. Pendleton (Jan. 18, 1980), Crawford App. No. 3-79-14, unreported. Although Corbin's requested dollar figure differed from Mosier's, even Mosier agreed that some amount for pain and suffering was proper. In her closing argument, Mosier suggested to the jury that $30,000 was fair compensation to Corbin. Notwithstanding, the jury rendered a verdict of $4,600.
In view of this evidence, the jury verdict certainly appears to be inadequate. Nonetheless, upon consideration of the entire record and the foregoing standard of review, it is our conclusion that the trial court properly denied Corbin's new trial request on the basis of, inter alia, the "invited error doctrine." Under this theory, "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357,359. See, also, Center Ridge Ganley, Inc. v. Stinn (1987),31 Ohio St.3d 310, 313. In this case, the error which Corbin elicited was testimony regarding her insurance coverage. On direct examination, Corbin was asked by her attorney, and she responded:
 Q: Mrs. Corbin, were all of your bills paid by your health insurance company?
 A: No. My husband has Aetna through where he retired from, and it only paid 80 percent, but I got to reimburse my insurance company for every cent that they paid on my bills.
 Q: So you will have to reimburse your insurance company?
 A: Yeah. Then I'll have to pay the remainder that's still hanging.
Although it is reversible error for a jury to consider a party's insurance coverage in rendering its verdict, see Miller,49 Ohio App. 3d at 99, and the verdict appears to compensate Corbin only for her out-of-pocket past and future medical expenses and some minimal amount for pain and suffering, the issue of insurance coverage was placed squarely in front of the jury because of Corbin's actions. For all the foregoing reasons, we find no abuse of discretion in the trial court's denial of Corbin's request for a new trial. The first assignment of error is overruled.
Corbin's second assignment of error concerns the trial court's refusal to submit Corbin's proffered jury interrogatories to the jury. This use of jury interrogatories is controlled by Civ.R. 49(B), which states:
 The court shall submit written interrogatories to the jury, * * * upon request of any party prior to the commencement of argument. * * * The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues[,] whether issues of fact or mixed issues of fact and law.
In general, upon a timely request from one of the parties, the trial court is under a mandatory duty to submit written jury interrogatories to the jury. Cincinnati Riverfront Coliseum, Inc.v. McNulty Co. (1986), 28 Ohio St.3d 333, 336. However, Civ.R. 49(B) does not mandate that the trial court submit all that is proposed by counsel. As stated in Ziegler v. Wendel PoultryServ., Inc. (1993), 67 Ohio St.3d 10, 15, overruled on other grounds Fidelholtz v. Peller (1998), 81 Ohio St.3d 197:
 The court retains limited discretion to reject proposed interrogatories where they are ambiguous, confusing, redundant, or otherwise legally objectionable. Proper jury interrogatories must address determinative issues and must be based upon the evidence presented. [Citation omitted.] Civ.R. 49(B) does not require submission of an interrogatory which is "`merely of a probative or evidentiary nature.'" [Citation omitted.]
The case of Miller v. McAllister (1959), 169 Ohio St. 487,494, defined "determinative issues" as:
 ultimate issues which when decided will definitely settle the entire controversy between or among the parties, so as to leave nothing for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury.
Further, as stated in Ziegler, 67 Ohio St.3d at 15, "the 1970 Staff Note to Civ.R. 49 cites a definition of `determinative' as `an issue the deciding of which by the jury may in and of itself dispose of the entire case.'"
Prior to trial, Corbin propounded eight interrogatories.[1]
However, the trial court refused to submit these interrogatories to the jury. The exact grounds for the trial court's actions were not articulated, but it is apparent that the court felt that the interrogatories were not directed to determinative issues. Admittedly, liability was not an issue in this case. Instead, the issues focused on the nature and extent of Corbin's injuries and the proximate cause of those injuries. Notwithstanding, the interrogatories were directed to the issue of damages, essentially presuming that damages would be awarded. Moreover, these interrogatories requested the jury to specifically state how much of its award was for each item of recovery. In essence, Corbin requested an "itemized" verdict and this is not a proper use of interrogatories. Cf. Ziegler, 67 Ohio St.3d at 15. Under these circumstance, we conclude that the trial court did not err in refusing to submit the proposed jury interrogatories to the jury. Thus, the second assignment of error is overruled.
In her third assignment of error, Corbin argues that the trial court erred by excluding the testimony of Dale Corbin from her case-in-chief. Dale Corbin is Corbin's brother-in-law. His testimony was sought to establish the impact the accident and its resulting injuries have had on Corbin's life.
As stated in Renfro v. Black (1990), 52 Ohio St.3d 27, 31:
 The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury. Columbus v. Taylor (1988), 39 Ohio St.3d 162, 164, * * *; Calderon v. Sharkey (1982), 70 Ohio St.2d 218 * * *.
Thus, a trial court has broad discretion in the admission and exclusion of evidence and a reviewing court will not reverse such a decision absent an abuse of discretion. Taylor, supra, at 164. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary or unconscionable, and is more than an error in law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
At the time Dale Corbin began his testimony, Mosier's counsel stated:
 Your Honor, I'm going to object. [W]e'll stipulate this witness will testify similar to what the others have. It is repetitious.
In further discussion of this matter, Corbin agreed that Dale Corbin's testimony would be a repetition of, and similar to, the testimony given by Corbin's husband, her daughter and son-in-law. As conceded by Corbin's counsel to the trial court:
 Court: Well, is it repetition of what the others have testified to?
Corbin: Pretty much.
Given the cumulative nature of Dale Corbin's testimony and its indistinct characteristics from testimony given by three other family members, the trial court did not err in excluding this testimony. Accordingly, the third assignment of error is overruled.
In sum, Corbin's first, second and third assignments of error are overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
BRYANT and EVANS, JJ., concur.
[1] The rejected interrogatories read as follows [emphasis sic]:
 1. "The amount awarded to Elizabeth Corbin by the jury for the nature and extent of the injury is $ __________."
 2. "The amount awarded to Elizabeth Corbin by the jury for the effect upon Plaintiff's health is $ __________."
 3. "The amount awarded to Elizabeth Corbin by the jury for the past pain and suffering experienced by the Plaintiff is $ __________."
 4. "The amount awarded to Elizabeth Corbin by the jury for the period the Plaintiff was unable to perform usual activities is $ __________."
 5. "The amount awarded to Elizabeth Corbin by the jury for the reasonable cost of necessary medical expenses and hospital expenses incurred by Plaintiff
is $ __________."
 6. "The amount awarded to Elizabeth Corbin by the jury for future medical bills is $ __________."
 7. "The amount awarded to Elizabeth Corbin by the jury for future pain and suffering is $ __________."
 8. "The amount awarded to Elizabeth Corbin by the jury for permanent nature of the injury is $ __________."