DECISION.
Plaintiffs-appellants Darlene and Raymond Boldt filed a complaint seeking damages for injuries they allegedly sustained as a result of an automobile accident in which the vehicle driven by defendant-appellee Jeanette Kramer collided with Darlene Boldt's vehicle. Following trial, the jury returned a verdict in favor of the Boldts for $4,139.15, the amount of Darlene Boldt's emergency-room bill. The jury stated in an interrogatory that it was awarding $4,139.15 for Darlene Boldt's past medical expenses, and no damages for past lost wages, past pain and suffering, past inability to perform usual activities, future pain and suffering, and future inability to perform usual activities. Further, the jury stated that it was awarding no damages on Raymond Boldt's claim for loss of consortium.
The Boldts filed a motion for a new trial pursuant to Civ. R. 59(A)(6), which provides that a new trial may be granted when the judgment is not sustained by the weight of the evidence. The Boldts argued that since an award was made for the amount of the emergency-room bill, the jury necessarily found that those medical expenses were proximately caused by the accident. Therefore, the Boldts argued, the jury was required to award Darlene Boldt an amount for pain and suffering for the time immediately following the accident, including the time spent in the emergency room, because the undisputed evidence showed that she had incurred at least some pain and suffering immediately following the accident and in the emergency room. The trial court overruled the Boldts' motion.
The Boldts have appealed, raising one assignment of error, which alleges that the trial court erred in overruling their motion for a new trial. We have sua sponte removed this case from the accelerated calendar and placed it on the court's regular calendar.
The judgment of the trial court overruling a motion for a new trial will not be reversed absent an abuse of discretion.Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285,291 N.E.2d 739; Iames v. Murphy (1995), 106 Ohio App.3d 627,666 N.E.2d 1147.
The purpose of a civil trial is to fully compensate the injured party for his losses. Miller v. Irvin (1988), 49 Ohio App.3d 96,550 N.E.2d 501. Where the damages awarded the injured party at trial are so inadequate as to deny him the justice he deserves, a new trial should be granted. Id.; seeToledo Railways Light Co. v. Mason (1910), 81 Ohio St. 463,91 N.E. 292.
 [I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the elements of damage making up the plaintiff's claim.
 Bailey v. Allberry (1993), 88 Ohio App.3d 432, 624 N.E.2d 279; see Iames v. Murphy, supra.
In Iames v. Murphy, supra, Murphy was driving an automobile that struck Iames as he walked on the road. The jury found each party fifty-percent negligent and awarded damages of $112,782.60, the amount of Iames's medical bills. We held that the trial court erred in overruling Iames's motion for a new trial because the amount of damages awarded could not be reconciled with the record, which contained evidence of pain and suffering and permanent impairment. We held that, in awarding only the amount of Iames's medical bills, the jury clearly failed to fully compensate Iames for his loss.
In Farkas v. Detar (Mar. 25, 1998), Summit App. No. 18271, unreported, Farkas, who had been injured in an automobile collision with Detar, appealed a damage award of $9,796.35, the amount of her medical expenses. The Ninth Appellate District noted that the jury clearly believed that Farkas's medical treatment was a direct and proximate result of the collision because it had awarded Farkas the expenses for that treatment. At trial, Farkas and the medical experts had testified that she suffered pain from the collision. The appellate court held that the jury's verdict reimbursing Farkas for her medical expenses, without making an award for pain and suffering, was contrary to the evidence.
Ortman v. Lumbert (Apr. 14, 1997), Madison App. No. CA96-06-023, unreported, also involved an automobile accident. Immediately after the accident, Ortman was taken to the emergency room, where he was given pain medication for his shoulder, along with a neck brace and an arm sling. Over the next twelve months, treatment continued, resulting in surgery on Ortman's shoulder. Lumbert's negligence was conceded. At trial, the court directed a verdict in favor of Ortman's employer for the lost wages and medical bills it had paid. The issues of proximate cause and damages on Ortman's claims for pain and suffering and disability were submitted to the jury, which returned a verdict finding in favor of Ortman, but awarding $0 damages. The trial court denied Ortman's motion for a new trial and he appealed. The Twelfth Appellate District determined that the trial court erred in denying Ortman's motion for a new trial, holding that implicit in the verdict for Ortman was a finding that Ortman's injury was the direct and proximate result of the automobile accident. The appellate court held that, in light of the uncontroverted evidence of pain and suffering, the jury's award of $0 damages could not be reconciled with the undisputed evidence in the case. Therefore, the trial court erred in overruling the motion for a new trial.
The Twelfth Appellate District reversed the jury's award to the plaintiff, the victim of an automobile accident, of $14,155, which was exactly the sum of the medical expenses and lost wages, in Hughes v. Koop (Feb. 18, 1997), Clermont App. No. CA96-10-081, unreported. The appellate court held that "a damage award representing essentially undisputed special damages, with no valuation for uncontroverted general damages for pain, suffering, disability and disfigurement is contrary to the manifest weight of the evidence." Id.
The trial court's granting of a new trial was affirmed by the appellate court in Guckes v. Feusner (Mar. 22, 1996), Hancock App. No. 5-95-39, unreported, where the jury awarded Guckes $4,466 for medical expenses and made no other damage award. The Third Appellate District, citing Vanbuskirk v. Pendleton (Jan. 18, 1980), Crawford App. No. 3-79-14, unreported, held that once a jury awards a personal-injury plaintiff medical expenses, some award for pain and suffering should be made, even if it is nominal, because it is only reasonable to conclude that if there are legitimate medical expenses, there must have been some pain and suffering to cause the plaintiff to seek medical treatment. See Miller v. Irvin, supra.
In Crosby v. Lenart (Apr. 19, 1995), Wayne App. No. 2896, unreported, the Ninth Appellate District affirmed the trial court's granting of Crosby's motion for a new trial in an automobile accident case where the total amount of damages awarded equaled Crosby's actual medical expenses as well as his estimated future medical expenses. Citing Miller v. Irvin, supra, the appellate court held that where the evidence demonstrated that pain and suffering occurred, an award for those damages should have been made.
The Sixth Appellate District upheld the trial court's granting of a motion for a new trial where the jury had awarded a portion of the plaintiff's medical expenses, but made no award for pain and suffering, in Hendrickson v. Maenle (Dec. 20, 1991), Lucas App. No. L-90-366, unreported. The appellate court held that because the jury found that Hendrickson had sustained an injury and that the injury was caused by the automobile collision with Maenle, the award of $0 damages for pain and suffering was not supported by the evidence.
In Hardy v. Osborn (1988), 54 Ohio App.3d 98, 560 N.E.2d 783, Hardy was injured in an automobile accident with Osborn. The Eighth Appellate District reversed the damage award as against the manifest weight of the evidence, and remanded the case for a new trial solely on the issue of damages, where the award represented essentially the amount of undisputed special damages, without any valuation of undisputed general damages for pain, suffering, disability and disfigurement. Id.
In the instant case, Darlene Boldt was trapped in her car for a period of time. She was taken to the emergency room in a neck brace and strapped to a board. While in the emergency room, Boldt complained about pain in her left arm, left shoulder and chest. She also had bruises caused by her seatbelt. Boldt was kept in the hospital overnight for observation because of concern about her chest pain. Boldt testified as to her pain immediately following the accident and in the emergency room.
The jury clearly found that Boldt's emergency-room medical expenses were directly and proximately caused by the collision with Kramer. It is only reasonable to conclude that if there are necessary and legitimate medical expenses of $4,139.15, Boldt must have experienced some pain and suffering. We hold, under the facts of this case, where the jury awarded the amount of the emergency-room medical expenses as damages, it was required to award Darlene Boldt an amount for pain and suffering for the time immediately following the accident, including the time spent in the emergency room.
The case sub judice is distinguishable from Woodfork v. Jones
(Feb. 21, 1997), Montgomery App. No. 15841, unreported, andWhigham v. Hall (Sept. 19, 1990), Hamilton App. No. C-890608, unreported, which are cited by Kramer. In Woodfork, the appellate court stated that it was treating the case as one involving an inconsistent verdict. Therefore, the court held, because Woodfork had not raised an objection to the inconsistency of the verdict immediately following the verdict or at any time before the trial court entered its judgment, the appellate court would not consider the alleged error. The instant case does not involve an inconsistent verdict.
In Whigham, the jury awarded Whigham special damages of $131.43. Initially we pointed out that we were given only a partial transcript of proceedings for review, which excluded Whigham's motion for a new trial and the trial court's ruling on the motion. We held, under the facts of that case, that the jury could have concluded that Hall's negligence did not cause an injury, or that Whigham's injuries, if any, were minimal, as evidenced by the small award of special damages, and that, therefore, Whigham's subjective complaints of pain and suffering were not credible. In the instant case, the jury believed that the emergency-room expenses were necessary and proximately resulted from the accident, as evidenced by its award of the amount of medical expenses incurred for the hospital treatment following the accident. The damages awarded Boldt were not minimal.
The assignment of error is sustained. The judgment of the trial court denying the Boldts' motion for a new trial is reversed, and the cause is remanded for a new trial solely on the issue of the amount of damages to be awarded Darlene Boldt for pain and suffering immediately following the accident, including the time spent in the emergency room.
Judgment reversed and cause remanded.
 Hildebrandt and Painter, JJ., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.