This is an appeal from a judgment of the Wood County Court of Common Pleas which granted appellees' motion for a new trial. From that judgment, defendant-appellant, Michael D. Daniels, raises the following assignments of error:
 "I. The Trial Court erred in granting a new trial based on the ground the jury verdict was against the weight of the evidence.
 "II. The Trial Court erred in granting a new trial on the ground the verdict was contrary to law.
 "III. The Trial Court erred in failing to set the award of medical expenses in the new trial at $2,500."
This case arose from an automobile accident which occurred on March 9, 1994 between appellant and plaintiff-appellee, Debra J. Krauss. Subsequently, on March 7, 1996, Krauss and her husband, appellee Dennis A. Krauss, filed a complaint against appellant and his insurance carrier, Nationwide Mutual Insurance Company. Appellees alleged that the aforementioned accident was caused by the negligence of Daniels and that as a direct and proximate result of the accident, Debra Krauss suffered injuries to her neck, shoulders and back, and suffered extreme headaches. In addition, Dennis Krauss asserted a claim for loss of consortium. Prior to trial, appellees voluntarily dismissed their case against Nationwide and on August 25 and 26, 1998, the case against Daniels proceeded to a jury trial. At the conclusion of the trial, the jury returned a verdict in favor of Debra Krauss as follows:
 "We the Jury find the Plaintiff Debra Krauss has established by a preponderance of the evidence that she had suffered an injury in the collision occurring on March 9, 1994 caused by the negligence of the Defendant and award damages as follows:
 "1. Personal injuries, including any pain and suffering, and any inability to participate in usual and customary activities $0
"2. Medical expenses already incurred $2,500
"3. Future pain and suffering, and losses $0
"TOTAL DAMAGES $2,500"
Accordingly, the jury found Debra Krauss had suffered an injury as a result of the automobile accident, awarded her $2,500 for her medical expenses but then awarded her nothing for her personal injuries, including past or future pain and suffering. The jury further found that, in his claim for loss of consortium, Dennis Krauss had failed to establish his case by a preponderance of the evidence.
On September 11, 1998, appellees filed a motion for a new trial pursuant to Civ.Rs. 59(A)(4), (6) and (7) and asserted that the jury's verdict appeared to have been rendered under the influence of passion or prejudice, was not sustained by the weight of the evidence and was contrary to law. Specifically, appellees asserted that the award was inadequate because it failed to award her anything for her pain and suffering. Appellees then asked the court to set aside the jury's verdict and award them a new trial. Appellant responded that the award was not inadequate based on the evidence presented and further argued that, should the court order a new trial, the court should limit medical expenses presented to the new jury to $2,500.
On October 27, 1998, the trial court filed an order granting appellees' motion for a new trial. Initially, the court noted that because the motion was only filed by Debra Krauss, the court's discussion and ruling would only apply to her and not to Dennis Krauss. Then, in granting the motion, the court concluded that in completing the verdict form as it had, the jury made a mistake. The court explained:
 "In this case, the Plaintiff did provide ample evidence indicating that she was injured to at least a very limited degree and that she suffered some pain and suffering. Defense counsel however established through cross examination that the Plaintiff's physicians' based their expert opinions as to causation and the extent of injury on the history taken from the Plaintiff and that it appeared that the plaintiff had been less than truthful with her own physicians. None the less there is undisputed evidence of some limited injury such as a cervical muscle strain. There is no evidence that such an injury would not have caused discomfort or pain to the Plaintiff. Dr. Cooke, the Defendant's expert witness denied she was suffering an injury at the time of his examination. He did not state however that she had not been injured in the accident. If the jury had found no injury at all, it would not have completed the verdict form finding for the Plaintiff."
The court then concluded that the jury verdict awarding appellee $2,500 for medical expenses and $0 for pain and suffering was against the manifest weight of the evidence. It is from that judgment that appellant now appeals.
The first and second assignments of error are interrelated and will therefore be discussed together. Appellant contends that the trial court erred in granting the motion for a new trial on the grounds that the verdict was against the weight of the evidence and was contrary to law. More specifically, appellant argues that the lower court abused its discretion in granting a new trial where there was substantial evidence to support the jury's verdict.
Civ.R. 59 addresses motions for new trials and provides in relevant part:
 "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
"* * *
 "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
"(7) The judgment is contrary to law[.]"
The granting or denial of a motion for a new trial rests within the discretion of the trial court and that court's ruling on such a motion will not be disturbed on appeal absent a showing that the trial court abused its discretion. Steiner v. Custer (1940),137 Ohio St. 448; Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183.
In ruling on a motion for new trial, based on the weight of the evidence, the trial court:
 "* * * must review the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility is passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence." Rohde v. Farmer (1970), 23 Ohio St.2d 82, 92.
This court has previously stated that "[t]he authority and scope of a trial court to grant a new trial on the weight of the evidence pursuant to Civ.R. 59(A)(6) is equally applicable to damage awards, and is not limited by the `passion or prejudice' language of Civ.R. 59(A)(4)." Hendrickson v. Maenle (Dec. 20, 1991), Lucas App. No. L-90-366, unreported; see, also, Hartsel v.Mills (Mar. 17, 1995), Wood App. No. WD-94-81, unreported. Moreover, in determining whether to reverse the trial court's granting of a new trial on the ground of manifest weight of the evidence, an appellate court "* * * should view the evidence favorably to the trial court's action rather than to the original jury's verdict." Rohde, supra, at 94.
In Miller v. Irvin (1988), 49 Ohio App.3d 96, 98, the court stated that "[t]he purpose of a civil trial is to fully compensate the injured party for his losses. When that trial has resulted in an award to the injured party so inadequate as to deny him the justice that he deserves, the court should grant a new trial." An award is inadequate, requiring a new trial, where the weight of the evidence indicates that the plaintiff "* * * was also entitled to some award for his pain and suffering, which he obviously was not awarded." Id. In the present case, the jury expressly stated in its verdict that Debra Krauss suffered an injury in the collision which was caused by appellant on March 9, 1994. While the expert testimony submitted in the trial below raised questions regarding the extent of that injury, nothing in the record supports the conclusion that Krauss suffered no pain as a result of that injury. Accordingly, the jury's determination to award Krauss $2,500 for her medical expenses and nothing for her pain and suffering was manifestly against the weight of the evidence and the trial court did not err in granting the motion for a new trial. The first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that the trial court erred in failing to set the award of medical expenses in the new trial at $2,500. Appellant contends that in its order granting a new trial, the lower court failed to address or cap the award of medical expenses in the new trial despite appellant's request to do so in his response to appellee's motion for a new trial. Appellant therefore requests that, if we affirm the trial court's order granting a new trial, we should remand the case to the trial court with instructions to set the amount of medical expenses at $2,500.
Civ.R. 59(A) permits a trial court to order a new trial or on part of the issues already tried. In its order granting a new trial, the court below did not specify the issues on which it was ordering a new trial. However, the court's order finding that "* * * the jury verdict awarding Plaintiff $2,500 for medical expenses and $0 for pain and suffering is against the manifest weight of the evidence and Plaintiff's Motion for a new Trial is granted," appears to grant a new trial on the entire issue of damages. This conclusion is bolstered by the decision accompanying the order. In that decision, the court examined three possible explanations for the jury's verdict, determined that the award of $2,500 could not be connected with any particular medical expenses and essentially could not find any basis for an award of that amount. The court then determined, as the quotation from the decision above reveals, that the jury's verdict was the product of a mistake. Although the court focused on the failure of the jury to award damages for pain and suffering, the court clearly addressed the jury's award in its entirety.
App.R. 12(D) vests this court with the authority of limited remand only where this court has reversed the trial court based on "* * * error prejudicial to the appellant." See Hendricksonv. Maenle, supra. Because we find no prejudicial error in the trial court's order granting a new trial, we do not have the authority to remand this matter to the trial court with instructions to limit the amount of medical expenses to $2,500. The third assignment of error is therefore not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J._____ _______________________________ JUDGE
James R. Sherck, J._______ _______________________________ JUDGE
Mark L. Pietrykowski, J.__ _______________________________ JUDGE CONCUR.