OPINION
Appellant, Nancy C. Elston, appeals a judgment of the Court of Common Pleas of Defiance County, denying her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court and remand this matter for further proceedings in accordance with this opinion.
This matter arises from an automobile collision that occurred on January 24, 1997, in which a vehicle operated by Appellant, Nancy Elston and occupied by her daughter, Terika Elston, was rear-ended by an automobile driven by Appellee, Gene Woodring, a minor at the time. Following the collision, Appellant and Terika were taken by ambulance to Bryan Hospital where they were treated and released a short time later.
Thereafter, on June 30, 1998, Appellant filed a complaint against Appellee, alleging negligence. In addition, Appellant's husband, Lynn Elston, asserted a claim for loss of consortium. On June 22, 1999, Appellant moved the trial court for summary judgment on the issue of negligence, which was granted on September 28, 1999. On November 17, 1999, this matter came on for trial to a jury on the issues of proximate causation and damages.
At trial, Appellant presented evidence of damages, including actual medical expenses incurred, lost wages, inability to work and pain and suffering. On November 19, 1999, the jury found the collision to be a proximate cause of the injuries and awarded Appellant and Terika damages totaling the exact amount of their medical expenses. The jury awarded nothing for other damages, including pain and suffering.
Subsequently, on January 24, 2000, Appellant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. In her motion, Appellant argued that the verdict was grossly inadequate, against the manifest weight of the evidence and contrary to law because the jury failed to award additional damages, including damages for pain and suffering. On April 6, 2000, the trial court overruled Appellant's motion.
Appellant timely appeals the judgment entry of the trial court dated April 6, 2000, assigning one error for our review.
 The trial court erred when it denied Plaintiffs' motion for new trial or in the alternative motion for judgment notwithstanding the verdict.
The grounds for granting new trials are set forth in Civ.R. 59, which states in relevant part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
***
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
***
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
***
 When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.
***
The Supreme Court of Ohio has previously held:
 In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim.
The Toledo Railways Light Co. v. Mason (1910), 81 Ohio St. 463, at paragraph one of the syllabus. See, also, Guckes v. Feusner (Mar. 22, 1996), Hancock App. No. 5-95-39, unreported. Following the ToledoRailways case, the First District Court of Appeals stated:
 [I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. [Emphasis deleted.]
Iames v. Murphy (1995), 106 Ohio App.3d 627, 631, quoting Baileyv. Allberry (1993), 88 Ohio App.3d 432, 435.
"In deciding whether to grant a new trial the court has often been referred to as the thirteenth juror." Bland v. Graves (1993),85 Ohio App.3d 644, 651.
 While this does not mean that the judge may substitute his own judgment for that of the trier of fact, it does require the judge to "view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result."
Id., quoting 6A Moore, Federal Practice (1992) 59-150, Paragraph 59.08[5]. See, also, Rohde v. Farmer (1970), 23 Ohio St.2d 82, 92. In doing so, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Season's Coal Company, Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77,80.
The granting or denial of a motion for a new trial rests within the sound discretion of the trial court and such a judgment will not be disturbed absent an abuse of discretion. Yungwirth v. McAvoy (1972),32 Ohio St.2d 285, 286. See, also, McKiernan v. Home Savings of America
(1994), 93 Ohio App.3d 13, 15; Frantz v. Van Gunten (1987),36 Ohio App.3d 96, 102; and Cook v. Sparks (Nov. 5, 1991), Shelby App. No. 17-90-16, unreported. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In support of her argument that the trial court abused its discretion in denying her motion for a new trial, Appellant cites prior decisions by this Court, including Vanbuskirk v. Pendleton (Jan. 18, 1980). Crawford App. No. 3-79-14, unreported. Therein, Gerald Vanbuskirk appealed a verdict awarding him special damages for medical expenses incurred as a result of injuries sustained in an automobile collision. Vanbuskirk argued that the damages award was inadequate because it only compensated him for the exact amount of his medical expenses and not for any pain and suffering.
After reviewing the matter, this court held that the verdict was against the manifest weight of the evidence, stating:
 Although the verdict was general and there were no interrogatories there is an almost inescapable conclusion that the doctor bill constituted the sole measure of the award. However, if this be the case there must also have been a determination that the appellant suffered the injury for which he was treated as a proximate result of appellee's negligence, negligence having been determined by direction of the court. But if there were injury it also must be concluded the reason the appellant sought treatment was because of pain he suffered. And no award at all was then made for any pain and any suffering.
Vanbuskirk, at 9-10. This Court and other Ohio appellate courts have followed Vanbuskirk, holding that damage awards representing undisputed special damages, without an award for pain and suffering, are against the manifest weight of the evidence. See, Miller v. Irvin (1988),49 Ohio App.3d 96; Popson v. Pennington (Aug. 14, 2000), Clinton App. No. CA99-05-013, unreported; Vieira v. Addison (Aug. 27, 1999), Lake App. No. 98-L-054, unreported; Krauss v. Daniels (June 20, 1999), Wood App. No. WD-98-076, unreported; Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported; Farkas v. Detar (Mar. 25, 1998), Summit App. No. 18271, unreported; Guckes, supra; and Crosby v. Lenart (Apr. 19, 1995), Wayne App. No. 2896, unreported.
Based on the reasoning set forth in Vanbuskirk and its progeny, Appellant argues that it was incumbent upon the jury to award some amount of damages for pain and suffering, if only nominal, due to the fact that the jury awarded her compensation for all medical expenses incurred by her. As such, Appellant maintains that because the jury did not award any damages for pain and suffering, the verdict is against the manifest weight of the evidence.
Appellee, however, argues that Appellant effectively waived this argument by failing to object to the verdict in the trial court. The record herein demonstrates that after the verdict was read in open court, the trial court judge inquired of both counsel whether there were any further issues to resolve before he discharged the jury. At that time, Appellant's counsel indicated he had nothing further to discuss. Appellee's counsel, however, proposed that the jurors be instructed that their verdict include some award for pain and suffering. The record does not indicate that Appellant objected to the jury's failure to award damages for pain and suffering. Despite the proposal by Appellee's counsel, the trial court judge declined to send the jury back for further deliberations.
In support of her argument regarding waiver, Appellee cites a decision by the First District Court of Appeals in Woodfork v. Jones (Feb. 21, 1997), Montgomery App. No. 15841, unreported. Therein, Nancy Woodfork appealed a verdict awarding her compensation for medical expenses incurred as a result of injuries sustained in an automobile collision. As inVanbuskirk, above, Woodfork argued that the jury failed to award damages for pain and suffering and, therefore, the verdict was against the manifest weight of the evidence.
In addressing the argument, the court in Woodfork distinguishedVanbuskirk and its progeny. The court reasoned that Woodfork's argument is not so much a manifest weight of the evidence argument as it is an inconsistent verdict argument. In support, the court stated:
 If the jury believed Woodfork and her treating doctors, then it could have awarded her both her medical expenses as well as some amount for pain and suffering. If, however, the jury believed the testimony of Dr. Wunder, as well as Dr. Connors' prior contradictory testimony that he could not relate the claimed injuries to the accident, then it could properly have denied her both her medical expenses and damages for pain and suffering. Instead, the jury appears to have been inconsistent. It awarded medical expenses, which indicates that it believed Woodfork suffered an injury, related to the accident, for which she was treated, and for which she incurred bills. However, the jury did not award any pain and suffering, which indicates that it did not believe that she suffered an injury that caused her pain. Therefore, the verdict appears inconsistent.
Woodfork, at 5.
The court's decision to treat the verdict as inconsistent rather than against the manifest weight of the evidence stems from the fact that there was controverted testimony therein relating to the issue of proximate causation and Woodfork's special damages. Conversely, inVanbuskirk and its progeny, the evidence regarding proximate causation and special damages, was uncontroverted. Thus, the verdicts inVanbuskirk and its progeny were found to be against the manifest weight of the evidence not simply because only the exact amount of the plaintiffs' medical bills was awarded but, rather, "because the issue of damages had `essentially' not been contested, yet the jury ignored the evidence, and failed to award damages for pain and suffering."Woodfork, at 5.
The court in Woodfork then noted that an objection was not raised regarding the inconsistent verdict, either immediately following the verdict or during the weeks before the trial court entered its judgment. The court stated that had Woodfork promptly objected, it could have sent the jury back into deliberations to reconsider the verdict. The court then held that the issue was not properly before it, stating "[a]n appellate court need not consider an error which a complaining party could have called, but did not call, to the trial court's attention at a time when the error could have been corrected by the trial court." Woodfork, at 6, citing State v. Williams (1977), 51 Ohio St.2d 112, vacated in part on other grounds, Williams v. Ohio (1978), 438 U.S. 911.
The record herein demonstrates that there is testimony from Appellant's treating physician, Dr. Rudy Kachmann, M.D., a neurologist. Dr. Kachmann testified that Appellant sustained an aggravation of several pre-existing arthritic and degenerative changes as a direct and proximate result of the accident. In response, Appellee provided the testimony of Dr. James Sander, a neurologist who conducted an independent medical examination of Appellant. Dr. Sander testified that the aggravation of Appellant's pre-existing arthritic and degenerative changes was proximately caused by bending, stooping and lifting activities she performs as a nurse, rather than by the accident.
Although Dr. Sander controverted much of Dr. Kachmann's testimony, Dr. Sander acknowledged that Appellant sustained a minor neck strain proximately caused by the accident. Therefore, because the issue of proximate causation was not entirely controverted by Dr. Sander, the verdict with respect to Appellant is not inconsistent pursuant toWoodfork. Rather, the verdict is against the manifest weight of the evidence pursuant to Vanbuskirk and its progeny because a portion of Appellant's injuries were uncontested, yet the jury failed to award any damages for pain and suffering.
We also find that the verdict with respect to Terika Elston is against the manifest weight of the evidence. The record demonstrates that the issues of proximate causation and medical expenses Terika incurred, are uncontroverted. As such, pursuant to Vanbuskirk and its progeny, if there were injury it must also be concluded that the reason Terika sought treatment was because of pain she suffered.
 The purpose of a civil trial is to fully compensate the injured party for his losses. When the trial has resulted in an award to the injured party so inadequate as to deny him the justice that he deserves, the trial court should grant a new trial * * *
Miller, supra, at paragraph two of the syllabus.
Therefore, because the jury verdict with respect to both Appellant and Terika does not reflect an award for pain and suffering, it is against the manifest weight of the evidence and the trial court abused its discretion in failing to grant a new trial.
Appellant urges this court to remand the matter for an entirely new trial on the issue of all damages and not just damages for pain and suffering. Appellant claims that passion and prejudice entered into the verdict because the jury was unaware that Appellee had automobile insurance and would not have to pay the damages personally. Despite Appellant's argument, however, we initially note that evidence of liability insurance is not admissible upon the issue of negligence.See, Evid.R. 411. Additionally, there is nothing in the record demonstrating the verdict was the result of passion or prejudice pursuant to Civ.R. 59(A)(4).
Rather, the record demonstrates that the jury properly heard substantial evidence and deliberated on these claims. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.
Therefore, on remand, the sole issue for deliberation is the amount of damages to be awarded Appellant and Terika for pain and suffering associated with the medical treatment covered by the original damage award, and any future pain and suffering. See, Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported.
Also, with respect to the denial of Appellant's alternative motion for judgment notwithstanding the verdict, we find the trial court did not err in its judgment. "Construing the evidence most strongly in favor of the party against whom the motion is made, such a motion should be denied where there was substantial evidence to support the nonmoving party's position upon which reasonable minds could differ." Filkins v. Cales
(1993), 86 Ohio App.3d 61, 65, citing Osler v. Lorain (1986),28 Ohio St.3d 345. Based on the record herein, we find that there was substantial evidence before the jury to support Appellee's position on the aforementioned issues upon which reasonable minds could reach different conclusions.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled in all respects regarding the denial of her motion for judgment notwithstanding the verdict. Regarding her motion for a new trial, Appellant's assignment of error is well taken and is therefore sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court denying Appellant's motion for judgment notwithstanding the verdict and reverse the judgment of the trial court denying Appellant's motion for a new trial. The matter is hereby remanded to the trial court for a new trial on damages in accordance with this opinion.
Judgment affirmed in part, reversed in part and Cause remanded.
HADLEY, J. concurs.
SHAW, J. concurs separately and dissents in part.