JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Bringing forth a single assignment of error, plaintiff-appellant Cynthia Winston appeals from the trial court's judgment denying her motion for a new trial. Because the amount of damages awarded to Winston was against the manifest weight of the evidence, we reverse the judgment of the trial court.
In early 1998, Winston was injured in an automobile accident caused by defendant-appellee B. June Ipp. Ipp rear-ended Winston while she was stopped at a traffic light. Winston suffered whiplash-type injuries to her lower back and neck. At trial, Winston testified that her medical expenses were roughly $8,900 and that she had suffered pain from her injuries. Dr. Gregory Pitman, Winston's chiropractor, and Dr. Janalee Rissover, a physician who specialized in physical medicine and rehabilitation, both testified that Winston had suffered whiplash-type injuries from the car accident and that those injuries had resulted in pain and discomfort. Dr. Rissover further diagnosed Winston with degenerative disc disease unassociated with the car accident. Ipp had Winston examined by Dr. Malcolm Meyn, an orthopedic surgeon. Dr. Meyn testified that Winston had suffered a mild strain of the muscles in the upper back and neck — a lumbosacral sprain/strain — because of the car accident, and he testified that this type of injury did result in some degree of pain. He further testified that Winston's treatment with Dr. Pitman following the accident was appropriate and that a visit to the emergency room would have been in order on the day of the accident. Finally, he testified that it normally took a person six to eight weeks to heal from the type of injury suffered by Winston.
At the conclusion of the trial, the jury awarded Winston approximately one-third of her medical expenses, $2,268.50, and $450 for her past loss of ability to perform usual activities, but failed to award any damages for her past pain and suffering. Because of that failure, Winston moved for a new trial, arguing that the jury's award of $0 for past pain and suffering was against the manifest weight of the evidence. The trial court overruled the motion, and Winston timely appealed to this court.
In her single assignment of error, Winston maintains that the trial court erred by overruling her motion for a new trial. Civ.R. 59(A)(6) provides that a new trial may be granted when the judgment is not sustained by the weight of the evidence. Upon a thorough review of the record, we conclude that this assignment has merit.
In Boldt v. Kramer,[1] Kramer was driving a car that struck Boldt's vehicle and injured Boldt. The jury awarded Boldt damages of $4,139.15, the exact amount of her emergency-room bill, but did not award any damages for past pain and suffering. We held that the trial court erred in overruling Boldt's motion for a new trial because when there is a damage award for medical expenses and there is evidence of pain and suffering resulting from the plaintiff's injuries, the jury is required to award an amount for pain and suffering for the time immediately after the accident. We then concluded that the damages awarded by the jury inKramer were against the manifest weight of the evidence.
Here, all three medical experts who examined Winston, including Ipp's specialist, Dr. Meyn, testified that Winston had suffered a cervical and lumbar strain/sprain from the car accident and that this injury resulted in some degree of pain. Dr. Meyn even noted that Winston's visit to Dr. Pitman, her chiropractor, was appropriate following the accident, and that even a visit to the emergency room the day of the accident would have been justified. Thus, because there was undisputed evidence that Winston had suffered injuries from the car accident and that the injuries had resulted in some degree of pain, the jury's award of $0 for past pain and suffering was against the manifest weight of the evidence. (When there is evidence of pain and suffering associated with an injury caused by an accident, a jury should award damages for that pain and suffering.)[2] Under these circumstances, the trial court abused its discretion in overruling Winston's motion for a new trial.[3]
Ipp argues that Kramer can be distinguished from the case sub judice because Boldt was awarded the full amount of her medical expenses unlike Winston, who was only afforded a portion of her claimed medical expenses. We do not believe this difference is important. In reaching our decision in Kramer, this court relied on Hendrickson v. Maenle.[4] In that case, the Sixth Appellate District upheld the trial court's granting of a motion for a new trial where the jury had awarded only a portion of the plaintiff's medical expenses, but had made no award for pain and suffering.
Because we conclude that the trial court erred in overruling Winston's motion for a new trial, we sustain her single assignment of error. Accordingly, the judgment of the trial court denying Winston's motion for a new trial is reversed, and the cause is remanded for a new trial solely on the issue of the amount of damages to be awarded to Winston for pain and suffering associated with the injuries she sustained as a result of the car accident caused by Ipp.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] (May 14, 1999), 1st Dist. No. C-980235.
[2] See Miller v. Irvin (1988), 49 Ohio App.3d 96, 98, 550 N.E.2d 501.
[3] Iames v. Murphy (1995), 106 Ohio App.3d 627, 666 N.E.2d 1147.
[4] (Dec. 29, 1991), 6th Dist. No. L-90-366.