DECISION AND JUDGMENT ENTRY
{¶ 1} C.L.C. appeals the judgment of the Highland County Court of Common Pleas, Juvenile Division, which adjudicated him a delinquent child after finding him guilty of felonious assault. On appeal, C.L.C. contends that the evidence was insufficient to support the trial court's judgment because the State failed to prove the elements of (1) identity and (2) deadly weapon. Specifically, C.L.C. asserts that the State failed to show that he was present at the scene and, even if he was present, that he possessed a baseball bat. Because, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found all the essential elements of delinquency (involving the felonious assault) proven beyond a reasonable doubt, we disagree. C.L.C. next contends *Page 2 
that the trial court's judgment was against the manifest weight of the evidence. Because we cannot find that in resolving conflicts in the evidence, the court, as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed and a new trial granted, and because substantial evidence upon which the trier of fact could reasonably conclude that all the elements of the delinquency, involving the offense of felonious assault, were proven beyond a reasonable doubt, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} At around 10 p.m. one evening, twenty-two-year old Brett Whaley and his friends had words with S.G. and his friends in an alley beside a school playground in Greenfield. The street lights were on, and they were standing close to a bright light on a church building. During the argument, one of S.G.'s friends made a cell phone call. Someone else threw a beer can at Brett, and S.G. pulled out a knife. Within a few minutes of the phone call, a truck pulled up and its occupants immediately took part in an assault on Brett. The State alleges C.L.C arrived as part of the gang in the truck.
 {¶ 3} Apparently, after Brett's wife (Patricia Whaley) yelled that she had called the police, all the males left Brett alone and fled the scene before the police arrived. The life squad also arrived and found Brett going in and out of consciousness. They found him bleeding from his head and with lumps on the top of his head. They transported him by ambulance to the Greenfield Area Medical Center. The medical center treated Brett for his injuries. *Page 3 
 {¶ 4} After an investigation, the State filed a juvenile complaint against seventeen-year-old C.L.C., alleging that C.L.C. was a delinquent child for an act, which if committed by an adult, would constitute a felonious assault, a second degree felony in violation of R.C.2903.11(A)(2). C.L.C. denied the charge and the matter proceeded to a bench trial.
 A. State's Version of Facts at Trial {¶ 5} At trial, the State produced witnesses who testified that C.L.C. was one of the occupants of the truck that arrived on the scene shortly after the cell phone call. Four of the State's witnesses testified that C.L.C. was present at the scene. Three of these same witnesses testified that C.L.C. exited the truck and assaulted Brett with a baseball bat.
 B. C.L.C.'s Version of Facts at Trial {¶ 6} At the trial, C.L.C.'s father testified that C.L.C. could not have been present at the scene of the assault on Brett because he was home with him at the time. C.L.C. testified that he could not remember where he was or what he was doing at the time of the assault.
 C. Decision and Appeal {¶ 7} The court found C.L.C. guilty of the felonious assault as charged and adjudicated him a delinquent child. C.L.C. appeals the trial court's judgment and asserts the following two assignments of error: I. Insufficient evidence supported the trial court's judgment. And, II. The trial court's judgment was against the manifest weight of the evidence.
 II. *Page 4 {¶ 8} In his first and second assignments of error, C.L.C. contends that the trial court's judgment is not supported by sufficient evidence and is against the manifest weight of the evidence. Because "[t]he legal concepts of sufficiency * * * and weight of the evidence are both quantitatively and qualitatively different," we address these arguments separately. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 9} A trial court may adjudicate a juvenile as a delinquent child when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act that would constitute a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E). As such, when reviewing claims involving the sufficiency of the evidence and the manifest weight of the evidence within the juvenile context, we apply the same standards of review applicable to criminal convictions. In re Watson (1989),47 Ohio St.3d 86, 91.
 {¶ 10} R.C. 2903.11(A)(2) defines felonious assault as "knowingly * * * caus[ing] or attempting] to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 A. {¶ 11} C.L.C. contends in his first assignment of error that the trial court's judgment is not supported by sufficient evidence. He asserts that the state failed to provide evidence sufficient to establish the elements of (1) identity and (2) deadly weapon, i.e., that he was present at the scene, and/or that he caused or attempted to cause physical harm to the victim by the use of a deadly weapon. *Page 5 
 {¶ 12} The function of an appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 33, citingState v. Jenks (1991), 61 Ohio St.3d 259, 574, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in State v. Smith (l997), 80 Ohio St.3d 89, 103 (footnote 4). See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 13} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App.3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Smith, at ¶ 34, citing Jackson at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Smith, at ¶ 34, citingState v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. *Page 6 
 {¶ 14} Here, after viewing the evidence in a light most favorable to the prosecution, we find that the State established that C.L.C. was present at the scene and used a baseball bat to beat the victim.
 {¶ 15} Brett, as the victim, testified that he knew C.L.C. for eighteen years because he is his cousin. He said that C.L.C. arrived in a truck and struck him several times with a baseball bat. He stated that he was standing until C.L.C. and R.M. began beating him. He said, "I got pinned up against a fence and just fell to the ground."
 {¶ 16} Patricia, the victim's wife, testified that she knew C.L.C. for about five years. She stated that C.L.C. was present and repeatedly struck her husband with a baseball bat.
 {¶ 17} S.G. testified that he knew C.L.C. for three or four years. He stated that C.L.C. was present and repeatedly hit the victim with a baseball bat.
 {¶ 18} Finally, T.H. testified that C.L.C. was present at the scene.
 {¶ 19} Therefore, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found all the essential elements of delinquency, involving the felonious assault, proven beyond a reasonable doubt.
 {¶ 20} Accordingly, we overrule C.L.C.'s first assignment of error.
 B. {¶ 21} In his second assignment of error, C.L.C. contends that the trial court's adjudication is against the manifest weight of the evidence. Again, he asserts that the state failed to provide evidence to establish that he (1) was *Page 7 
present at the scene, and (2) even assuming he was present, that he caused or attempted to cause physical harm to the victim by the use of a deadly weapon, i.e., a baseball bat.
 {¶ 22} An appellate court, when determining whether a criminal conviction is against the manifest weight of the evidence, "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v.Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. See, also, State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted."Smith at ¶ 41, citing State v. Garrow (1995), 103 Ohio App.3d 368,370-71; State v. Martin (1983), 20 Ohio App.3d 172, 175. However, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} Here, as we stated in the first assignment of error, the State established through the testimony of four witnesses that C.L.C. was present and repeatedly struck the victim with a baseball bat. *Page 8 
 {¶ 24} C.L.C., however, presented a different version of what occurred. He first established, through cross-examination, that the victim's wife did not include in her written statement to the police (right after the assault) that C.L.C. was present, let alone possessed a baseball bat. However, on re-direct examination she said that she left it out because at the time she was still at the hospital extremely worried about her husband's health.
 {¶ 25} C.L.C.'s father testified that C.L.C. could not have been at the scene of the assault because his son was home with him. T.W., a co-defendant and a witness for C.L.C, testified at first that C.L.C. was not present at the scene. However, during cross-examination, he admitted that C.L.C. may have been at the scene of the altercation. C.L.C. took the stand and testified that he could not remember where he was or what he was doing at the time of the assault.
 {¶ 26} The trial court, as the trier of fact, simply chose to believe the State's version. That is its province. We cannot find that in resolving conflicts in the evidence, the court, as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed and a new trial granted. We find substantial evidence upon which the trier of fact could reasonably conclude that all the elements of the delinquency, involving the offense of felonious assault, were proven beyond a reasonable doubt. Therefore, we find that the manifest weight of the evidence supports the trial court's decision to adjudicate C.L.C. as a delinquent for an act, which if *Page 9 
committed by an adult, constitutes felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2).
 {¶ 27} Accordingly, we overrule C.L.C.'s second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1