[Cite as *Spurlock v. Pemberton*, 2013-Ohio-4002.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

GARY SPURLOCK and GLADYS :
SPURLOCK,
:
    Plaintiffs-Appellants/        Case No.   13CA1
  Cross-Appellees, :

    vs. :

JOHN PEMBERTON and JACKIE :   DECISION AND JUDGMENT ENTRY
PEMBERTON,
                          :
    Defendants-Appellees/
    Cross-Appellants.

_____

APPEARANCES:

COUNSEL FOR APPELLANTS/     Craig A. Allen, 311 South Third Street,
  CROSS-APPELLEES:          P.O. Box No. 1, Ironton, Ohio 45638

COUNSEL FOR APPELLEES/      Richard F. Bentley, Wolfe & Bentley,
  CROSS-APPELLANTS:     LLP, 425 Center Street, Ironton, Ohio     45638

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-10-13
ABELE, J.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment in favor of John and Jackie Pemberton (Pembertons) defendants below and appellees/cross-appellant's herein, on their counter-claim against Gary and Gladys Spurlock, (Spurlocks) plaintiffs below and appellant's herein. The Spurlocks assign the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN PERMITTING EVIDENCE OF CROSS-APPELLANT, APPELLEE'S OWNERSHIP OF PROPERTY BASED UPON AN UNRECORDED LAND CONTRACT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DECIDING THE CROSS-APPELLANT, APPELLEE HAD SECURED RIGHTS TO THE LAND BY ADVERSE POSSESSION."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DECIDING IT SHOULD QUIET TITLE IN THE CROSS-APPELLANT, APPELLEES [.]"

{¶ 2} The Pembertons raise the following cross-assignment of error for review[1]:

"THE TRIAL COURT ERRED IN OVERRULING THE MAGISTRATE'S DECISION AS TO THE ADOPTION OF THE SURVEY BY DEFENDANTS' SURVEYOR; THEREFORE, NOT GRANTING DEFENDANTS' CLAIM FOR QUIET TITLE BY DEED WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 3} The parties are contiguous property owners. The Pembertons took possession of their land in 1984 or 1985 under a "written agreement" that was frequently referred to as a land contract.[2] This contract was not recorded and, when the property was finally conveyed by deed in 1994, the unrecorded contract was discarded.

{¶ 4} The Spurlocks acquired their land two years later, in 1996. The dispute involves

---

[1] Cross-appellants neglect to set forth in their brief, as App.R. 16(A)(3) requires, a separate statement of assignments of error. Thus, we take the assignment of error from the argument portion of their brief.

[2] John Pemberton's testimony was somewhat confusing as to the actual date he took possession of the premises. Early in the hearing, he testified he had "been there since 1982," but later in the hearing, he testified that it was 1984 or 1985. Either way, for purposes of adverse possession, the precise date under these circumstances is unimportant.

a piece of property of undetermined size[3] that lies north of Township Road 253.   The

Pembertons claim that this land belongs to them, that they have used the land consistently since

the 1980s and that it was used by the Joseph family, their predecessors-in-title.   The Spurlocks,

however, claim the property as a part of the land conveyed to them in 1996.   They commenced

the instant action on July 26, 2010 and alleged that the Pembertons had trespassed on their

property continuously since 1998.   The Spurlocks requested an injunction against such trespass

in the future and damages in excess of $25,000.

{¶ 5}   The Pembertons denied liability in trespass and asserted several defenses.   They

also counterclaimed and alleged, inter alia, outright ownership of the disputed land or,

alternatively, that they acquired ownership through adverse possession.

{¶ 6}   At the hearing before the Magistrate, each side testified as to their ownership

interests in the disputed land.   However, the bulk of the evidence concerned two surveys.

Lawrence Murphy's 1997 survey shows that the Spurlocks own the area in dispute, while Thomas

Snyder's 2011 survey shows that the Pembertons are the owners.   Both surveyors, not

unexpectedly, criticized the methods the other used.   The Snyder survey, as noted several times,

shows Township Road 253 running entirely through the Pemberton land.   This means that the

Spurlocks have no access to the road and Gary Spurlock testified that his property has no other

access other than that road.

{¶ 7}   The Magistrate's decision concluded that the Snyder survey is "more credible" and

recommended that the complaint be dismissed and that title be quieted in favor of the

---

[3]   Lawrence Murphy testified that, although he "never really sat down and figured it out," he estimated that the disputed land is "something like a half acre."

Pembertons. Having so recommended, the Magistrate declined to rule on the Pembertons' adverse possession claim expressly finding it to be "moot."

{¶ 8} The Spurlocks objected to that decision, and the trial court disagreed with the magistrate on the issue of which survey is more credible. However, although the court found the disputed land to be part of the Spurlock property, it also found sufficient evidence to show that the Pemberton's acquired it by adverse possession. This appeal and cross-appeal followed.

I

{¶ 9} In their first assignment of error, the Spurlocks assert that the magistrate erred by allowing testimony that the Pembertons claimed ownership of their property from the 1980s on the basis of an unrecorded land contract.

{¶ 10} Initially, we point out that claims of error on appeal should be based on a trial court's actions, rather than the magistrate's actions. *Hartley v. Jones*, 3rd Dist. Hancock App. No. 5–12–35, 2013-Ohio-2381, at ¶20. This is because a trial court conducts a de novo review to determine whether to adopt, or to reject, a Magistrate's recommendation. Id. Thus, the judgment that constitutes the final order is always that of the trial court, not the magistrate.

{¶ 11} Second, we find no authority for the Spurlocks' argument in the two statutes they cite to support their assignment of error. R.C. 5313.02(C) requires a land contract vendor to record the instrument within twenty days of it being signed. R.C. 5313.04 provides that, if the vendor fails to do so, "the vendee may enforce such provisions in a municipal court, county court, or court of common pleas . . ." We, however, find found nothing in the statutes that renders an unrecorded land contract void, or has anything to do with the propriety of testimony about such instruments in a court proceeding.

{¶ 12} Third, whether the Pembertons were land contract vendees, or mere tenants as the Spurlocks argue, is largely superfluous.   Even if the Josephs remained the owners of the property until the 1994 deed was recorded to transfer ownership rights to the Pembertons, as the trial court noted in its judgment, and as we discuss in our review of the next assignment of error, considerable evidence was adduced to establish that the Pembertons used the disputed piece of land as if it belonged to them.   Accordingly, regardless of who owned the land north of Township Road 253 between 1984 and 1994, someone, either the Josephs or the Pembertons, adversely used the land the Spurlocks now claim as theirs.

{¶ 13} Finally, even if we assume, arguendo, that Pemberton's testimony concerning the unrecorded land contract should not have been permitted at the hearing, the Magistrate's decision to allow   that evidence constitutes harmless error. See Civ.R. 61.   The trial court's January 2, 2013 judgment states in pertinent part:

> "Although the Defendants talked about an unrecorded land contract that has been since destroyed, the Court did not have the benefit of this document, its legal description or any other facts concerning that document and can therefore, form no legal conclusions as to that document."

{¶ 14} Thus, the trial court afforded the alleged instrument no weight in ruling for the Pembertons.   Thus, even if testimony about the contested tract was improper, the Spurlocks have suffered no prejudice.

{¶ 15} For all of these reasons, we find no merit in the first assignment of error and it is hereby overruled.

II

{¶ 16} We jointly consider the Spurlocks's second and third assignment of error because

they assert that the trial court erred by quieting title in favor of the Pembertons by virtue of adverse possession.

{¶ 17} "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." See *Grace v. Koch*, 81 Ohio St.3d 577, 692 N.E.2d 1009 (1998), at the syllabus; also see *Edgington v. Newman*, 4th Dist. Adams App. No. 11CA917, 2012-Ohio-4962, at ¶10. An appeal of a ruling on an adverse possession claim is usually considered under a "manifest weight of the evidence" standard of review. See *Thompson v. Hayslip*, 74 Ohio App.3d 829, 600 N.E.2d 756 (4th Dist. 1991); *Pottmeyer v. Douglas*, 4th Dist. Washington No. 10CA7, 2010-Ohio-5293, at ¶21. In other words, an appellate court will not reverse the trial court's decision on the issue if it is supported by some competent, credible evidence. See *Eastley v. Volkman*, 132 Ohio St.3d 328, 972 N.E.2d 517, 2012-Ohio-2179, at ¶14; *Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus (1978). This standard of review is highly deferential and even the existence of "some" evidence is sufficient to support a court's judgment and prevent a reversal. See *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist. 1997); *Willman v. Cole*, 4th Dist. Adams App. No. 01CA725, 2002-Ohio-3596, at ¶24.

{¶ 18} In the case sub judice, William Douglas testified that he was familiar with this area of the township for more than fifty years and knew that the Joseph family used the land (now claimed by the Pembertons) for more than thirty years. Charles Jones testified that the Pembertons used the land in dispute as a "garden spot" and John Pemberton's uncle had lived in

"a little camper" on the area between 1985 and 1990. John Pemberton testified that he was familiar with the property since the 1960s when, apparently, he worked for the Joseph family. He testified that Ms. Joseph used the disputed area as a garden where she grew "strawberries and watermelons and mush melons and stuff."

{¶ 19} As for his claim to the land, John Pemberton testified that he took "possession" in 1985. He further stated that the Josephs had kept old farm equipment on the land, that he gave away to get rid of it, and even leased a temporary right-of-way over the land so that the Ice Creek Land Company could access timber behind that property. It is worth repeating, as we said previously, that whether Pemberton engaged in these acts as a land contract vendee or a tenant is beside the point. The fact remains that the Pembertons, or their predecessors-in-title, exercised control over the land longer than the twenty-one year time period.

{¶ 20} The Spurlocks adduced no evidence in opposition to contradict this evidence and their counter-argument on appeal is that because the land contract was not recorded, no tacking of adverse use of the Josephs and Pembertons should be permitted. We disagree.[4]

{¶ 21} First, appellants cite no authority for that proposition of law and we have found no support in our research. Second, as we discussed previously, even if the unrecorded land contract is disregarded, the fact remains that the Josephs adversely used the property (or allowed their tenants to adversely use it) until its conveyance to the Pembertons in the 1990s. We see no reason why the Josephs' use prior to 1994, and use the Pembertons' use after that date, should not

---

[4] The "tacking" doctrine holds adverse use by prior owners in the chain-of-title can be combined to establish the twenty-one year time frame. See *Zipf v. Dalgarn*, 114 Ohio St. 291, 295-296, 151 N.E. 174 (1926); *McNeely v. Langan*, 22 Ohio St. 32, (1871).

be tacked together to determine the adverse possession claim.

{¶ 22} Thus, we readily conclude that sufficient evidence exists in the record to support the trial court's adverse possession judgment. We also find no error in the trial court's judgment to quiet title in favor of the Pembertons.

{¶ 23} Accordingly, for these reasons, the assignments of error are without merit and are hereby overruled.

III

{¶ 24} We now turn to the Pembertons's cross-assignment of error wherein they assert that the trial court erred by overruling the Magistrate as to which survey was the most reliable. However, because we have already affirmed the trial court's judgment that granted judgment on the basis of adverse possession, it is tempting to disregard this assignment of error as moot. App.R. 12(A)(1)(c). Unfortunately, we cannot do that in light of the limited nature of the trial court's ruling.

{¶ 25} The second count of the Pemberton counterclaim alleges that they had acquired title through adverse possession and requests that title be quieted in their favor against "any right" of the Spurlocks. The remedy the trial court awarded, however, quieted title in the real estate "only . . . for the itemized uses which were made of it during the twenty-one year plus period." What the trial court did, in essence, is to hold that the Pembertons acquired an easement by prescription.[5] An easement allows only for limited use of the land, *Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, at ¶22 (4th Dist.); *S.V., Inc. v.*

---

[5] For a discussion on adverse possession and easements by prescription, see Dunn v. Ransom, 4th Dist. Pike App. No. 10CA806, 2011-Ohio-4253, at ¶¶75-77.

*Casey*, 5th Dist. Delaware App. No. No. 12CAE070043, 2013-Ohio-1882, at ¶51, and, as noted above, the trial court limited the Pembertons and their future successors-in-title to the uses that have been made of the land thus far.   This is a lesser estate than they would have received if the trial court had accepted the Magistrate's recommendations as the Snyder survey showed them owning the land outright.   Thus, we cannot disregard the cross-assignment of error as moot.[6]

{¶ 26} That said, as to the Pembertons' actual argument that the trial court erred by rejecting the Magistrate's recommendations and adopting the Murphy survey over the Snyder survey, we find no reversible error.   A trial court may adopt a magistrate's finding as to the credibility of witnesses, but is not required to do so. See *State ex rel Dewine v. Ashworth*, 4th Dist. Lawrence App. No. 11CA16, 2012-Ohio-5632, at ¶37; *Sweeney v. Sweeney*, 10th Dist. Franklin No. 06AP–251, 2006–Ohio–6988, ¶12–18.   We also recognize that the trial court expended considerable time (nearly four full pages of its decision) and cited specific passages from the hearing transcript to explain why the court differed with the Magistrate's conclusion on this issue.   Moreover, Civ.R.53(D)(4)(b) expressly grants the trial court authority to reject the magistrate's decision.   Thus, it is certainly within the court's province to opt to accept the Murphy survey over the Snyder survey.

{¶ 27} As for the Pembertons' argument that the trial court's decision on their first counterclaim (for quiet title) is against the manifest weight of the evidence, we again find no reversible error.   The Murphy survey, as well as the surveyor's testimony, established that the disputed land is within the Spurlock boundary line.   Again, judgments supported by some

---

[6] The Pembertons did not assign as error that the trial court gave them a different remedy than they requested in their counterclaim, so we do not address that action.

competent and credible evidence will not be reversed on appeal.   *Eastley*, supra at ¶14; *Shemo*, supra at 10; *C.E. Morris Co.*, supra at the syllabus.   Here, the record is replete with evidence to support the trial court's decision on this issue.   For all these reasons, we find no merit to the cross-assignment of error and it is hereby overruled.

{¶ 28}  Having considered all the errors the parties assigned and cross-assigned, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that the parties equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal and cross-appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.