[Cite as *Chefor v. Morgan*, 2013-Ohio-4213.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Peter Chefor, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-100 |
| v. | : | (C.P.C. No. 11CV-2195) |
| Danyel D. Morgan et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

# D E C I S I O N

## Rendered on September 26, 2013

*Saeid B. Amini*, for appellant.

### APPEAL from the Franklin County Court of Common Pleas

GREY, J.

{¶ 1} This is an auto accident personal injury case. Plaintiff-appellant, Peter Chefor, appeals from a judgment of the Franklin County Court of Common Pleas overruling objections to a magistrate's decision and awarding damages at a figure lower than that sought in appellant's complaint.

{¶ 2} Appellant, a Cameroonian national, emigrated to the United States in 2008. In 2010, he lived in the Washington D.C. area and on April 5 of that year, he travelled to Columbus, Ohio in order to attend a job interview scheduled for the next day. On arrival in Columbus, appellant took a taxi to the home of a host or sponsor who had agreed to lodge him during his stay in Columbus. As the taxi stopped in front of the host's apartment, a following driver, defendant-appellee, Danyel D. Morgan, rear-ended the taxi at a low speed. Appellant claimed injury and was transported for treatment to the emergency room.

{¶ 3}   Appellant did not attend his job interview the next day, staying for a week with his host in Columbus and then returning to the Washington D.C. area.  He called his prospective employer in Columbus and was told that the job had been filled.  About two months after the accident, however, appellant re-contacted the employer and was granted another interview, as a result of which he was offered a position and moved to Columbus.

{¶ 4}   Appellant did not seek further medical treatment for some time after the accident.  On February 17, 2011, he filed his complaint in this matter seeking past and future medical bills, lost wages, travel expenses, and compensation for pain and suffering.  In addition to appellee Morgan, the defendants named in the complaint include Kiros Z. Hailu and Santigie Dangura, respectively the driver and owner of the taxi.  These two were eventually dismissed from the action with prejudice and appellant has not appealed from that dismissal.

{¶ 5}   The matter was tried before a magistrate on August 7, 2012.  Appellant presented his own testimony and that of his chiropractor.  Exhibits included medical records, the standardized traffic report, and photographs of the vehicles involved. Appellee was unable to attend on the day of trial because of a sudden illness. The magistrate denied counsel's resulting motion to continue proceedings.  The magistrate noted that delay would be excessively prejudicial to appellant based on the fact that appellant's counsel had traveled from the Washington D.C. area to try the case and appellant's chiropractor witness had taken time off from his practice to be present for trial.

{¶ 6}   On August 9, 2012, the magistrate rendered a decision awarding appellant $2,353.82 for his medical bills incurred on the day of the accident and $750.00 for pain and suffering.

{¶ 7}   Appellant filed objections to the magistrate's report, asserting error in the calculation and award of damages.  The trial court overruled the objections in a decision rendered January 10, 2013.

{¶ 8}   Appellant has timely appealed and brings the following assignments of error:

> 1. The Magistrate's decision as affirmed by the trial court to
> NOT award Appellant for the costs associated with his travel

from the State of Maryland to Columbus, Ohio was arbitrary, capricious and against the manifest weight of the evidence.

2. The Magistrate's decision as affirmed by the trial court to NOT award Appellant for lost wages at $8.15/hour for the period of two months during which Appellant was recuperating from his injuries was arbitrary, capricious and against the manifest weight of the evidence.

3. The Magistrate's decision as affirmed by the trial court to NOT award Appellant for the cost of medical treatment provided by Dr. Ratliff and Northland Chiropractic totaling $3,455.00 was arbitrary, capricious and against the manifest weight of the evidence.

4. The Magistrate's decision as affirmed by the trial court to NOT award Appellant for the cost of future medical treatment was arbitrary, capricious and against the manifest weight of the evidence.

5. The Magistrate's decision as affirmed by the trial court to NOT award Appellant for lost earnings capacity was arbitrary, capricious and against the manifest weight of the evidence.

6. The Magistrate's decision as affirmed by the trial court to NOT [sic] award Appellant $750 for pain and suffering was arbitrary, capricious and against the manifest weight of the evidence.

(Emphasis sic.)

{¶ 9} Appellee has not filed a brief and we therefore consider the matter based solely on the trial court record and appellant's brief.

{¶ 10} Appellant's six assignments of error all assert that different aspects of the trial court's judgment are against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. "The phrase 'some competent, credible evidence' in *C.E. Morris* presupposes evidentiary weighing by an appellate court to determine whether the evidence is competent and credible." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 15. "Weight of the

evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief.' " (Emphasis omitted.) *Id.* at ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Thus, in reviewing a judgment under the manifest-weight standard, a court of appeals weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way. *Eastley* at ¶ 20. In so applying the standard, the court of appeals "must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶ 11} In determining whether a judgment is against the manifest weight of the evidence, an appellate court must consider whether the evidence on each element satisfied or failed to satisfy the burden of persuasion. *Id.* at ¶ 19. In other words, the appellate court "sits as a ' "thirteenth juror" ' and [agrees or] disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶ 12} In undertaking this limited reweighing of the evidence, however, we are guided by the presumption that the factual findings of the trial court were correct. An appellate court "must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 21. Accordingly, the weight to be given the evidence and the credibility of the witnesses are primarily questions to be answered by the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984). The rationale for this deference is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflections, and gestures. Likewise, documentary evidence is best viewed in the context of the entire range of evidence heard at trial, and the trier of fact is better placed to assess the persuasive weight of documents and exhibits when considered jointly with the credibility of relevant witness testimony. *Washington v. Ohio Dept. of Rehab. & Corr.*, 166 Ohio App.3d 797, 2006-Ohio-2435.

{¶ 13} A reversal of a jury verdict on the ground that it is against the manifest weight of the evidence must be made with the concurrence of all three judges of the appellate panel. Ohio Constitution, Article IV, Section 3(B)(3). In contrast, in the case of a civil verdict in a case tried to the bench, such as the one before us, reversal on manifest weight grounds may be by a simple majority. App.R. 12(C).

{¶ 14} We reserve appellant's first assignment of error for later discussion and address the remaining assignments in order. Appellant's second assignment of error asserts that the manifest weight of the evidence supported an award of damages for lost wages covering the two-month interval between the accident and appellant's later employment in Columbus with the same employer. Appellant testified that he was sure he would have obtained the job after the first interview, and that this certainty is supported by his high score on a preliminary test administered by the employer. Appellant also pointed out that he was indeed promptly hired by that employer two months after the accident when another opening occurred. He concluded that he was unemployed in the two months following the accident solely as a result of his inability to attend the initial interview and can claim lost wages for this interval.

{¶ 15} The trial court concluded that the outcome of the initial interview scheduled for the day after the accident was not certain. Because of this, the resulting lost opportunity for employment was "too speculative," and contravened only by appellant's bald assertion that he was certain to obtain the job based upon his own expectations. (R. 49, at 6.) The outcome of an interview, even in light of the fact that appellant was successful later in obtaining employment with the same employer, cannot be taken as a legal certainty. We, accordingly, find that the trial court did not err in declining to award lost wages for this period, and appellant's second assignment of error is overruled.

{¶ 16} Appellant's third and fourth assignments assert that the trial court erred when it declined to award the cost of chiropractic treatment already provided and the cost of future medical treatment as damages.

{¶ 17} Appellant testified that, for approximately one year after the accident, he neither sought nor received medical treatment. Appellant testified that this was because he did not have the means to pay for such treatment and because his emergency room

bills from the accident had gone to collection, making medical providers reluctant to treat him.

{¶ 18} About one year after the accident, appellant noticed a billboard for advertising a chiropractor's services and began seeing David A. Ratliff, D.C., incurring charges of $3,455 which are still owed to Dr. Ratliff. After completing the course of chiropractic treatment, appellant continued his association with Dr. Ratliff through a "wellness club" at a charge of $50 per month. (Tr. 39.)

{¶ 19} Dr. Ratliff testified and indicated that he emphasizes wellness and fitness in his practice, and does not typically treat personal injury or automobile accident cases. Dr. Ratliff stated that he saw appellant 3 times per week for a total of between 25 and 28 visits. Appellant complained of neck, back, hand, and hip pain. Dr. Ratliff concluded that the joint pain arose from appellant's automobile accident. Dr. Ratliff did not place any work restriction on appellant.

{¶ 20} The magistrate relied on the circumstantial evidence regarding the accident and concluded that the impact between the two vehicles was minor and occurred at a very low speed. From this, the magistrate evidently chose not to believe appellant's testimony regarding the force of the impact and physical consequences thereof. The magistrate concluded that both the gap between the initial emergency room treatment and later chiropractic treatment was not plausibly explained and that appellant had failed to demonstrate, based on his own testimony and that of Dr. Ratliff, a causal relationship between his complaints at the time of chiropractic treatment and the earlier accident. The magistrate particularly noted that medical records from appellant's initial treatment and observation at the emergency room following the accident indicated that emergency room medical staff had not observed any issues that would warrant ordering additional diagnostic tests. With the exception of an x-ray image of appellant's left wrist, no further diagnostic testing was deemed necessary.

{¶ 21} The court concluded, based upon the circumstantial evidence and its assessment of appellant's credibility, that there was an insufficient medical basis to conclude that appellant's subsequent ailments arose from the accident.

{¶ 22} We find that the trial court's conclusions in this respect are not against the manifest weight of the evidence. While appellant did provide clear testimony regarding

his own appreciation of the force of the impact and his subsequent pain, the magistrate, as finder of fact, was free to believe all, some, or none of that testimony. *D'Souza v. State Med. Bd. of Ohio*, 10th Dist. No. 09AP-97, 2009-Ohio-6901, ¶ 17. Similarly, the court could have chosen to discount the impact of the documentary medical evidence submitted, but instead chose to give it weight. Appellant bore the burden of proof on each element of his claim, and if his testimony was found less than credible the court could rightly find that he had failed to meet that burden. We, accordingly, find that, based upon our standard of review under a manifest weight challenge, appellant's third and fourth assignments of error lack merit and are overruled.

{¶ 23} Appellant's fifth assignment of error asserts that the trial court erred in failing to award damages for future lost earnings. This was based on appellant's testimony that, in his work as nurse's aide, he routinely assists elderly clients in getting out of bed or rising from a sitting position. Appellant asserted that as of the time of trial, he still suffered pain and restrictions on his strength that made him unable to care for heavy clients. Because he is unable to accept job assignments with these heavy clients, he routinely loses two or three job assignments per week.

{¶ 24} The trial court concluded, and we agree for the same reasons stated in regard to appellant's third and fourth assignments of error, that any limitations imposed on appellant's physical capacity to work one year after the accident were not established as proximately related to the accident injuries. For this reason, lost wages arising from appellant's inability to work with heavy clients cannot be awarded for the same reasons that the trial court declined to award chiropractic expenses and future medical expenses. Appellant's fifth assignment of error is overruled.

{¶ 25} Appellant's sixth assignment of error asserts that the trial court erred in awarding $750 for pain and suffering rather than the $25,000 for past and future pain and suffering requested in the complaint. Again, the trial court made its own assessment based on the circumstantial evidence and appellant's own testimony regarding the extent to which he has incurred pain and suffering from injuries sustained in the accident. The trial court chose to believe appellant's testimony to the extent of awarding $750, but not to give credence to appellant's testimony of ongoing pain and suffering one year after the accident. On this record, we find that the trial court's determination in this respect is not

against the manifest weight of the evidence, and appellant's sixth assignment of error is overruled.

{¶ 26} Lastly, appellant's first assignment of error asserts that the trial court erred by not awarding as damages the cost of his initial trip from Washington, D.C. to Columbus. He quantified this as the $150 price of his round-trip bus ticket. The trial court reasoned that appellant had already purchased the ticket before the accident occurred and, therefore, the expense could not be proximately linked to the accident.

{¶ 27} Unlike the other issues discussed above, this determination by the trial court does not turn on credibility issues. The magistrate did not question appellant's credibility with respect to the cost of the bus ticket, nor did the magistrate question appellant's testimony that he was unable to attend the scheduled interview the day after the accident.

{¶ 28} Appellant argues that the object of that trip was frustrated when his injuries prevented him from attending the scheduled job interview, and that this supports an award of damages to make him whole. We agree. Although appellant had indeed determined to travel to Columbus prior to the accident and purchased his bus ticket to that end, his damages arise not from the mere purchase of the bus ticket but from the fact that he did so with the expectation of attending a job interview and was, due to the accident, unable to do so. The purpose of damages is to compensate a party for the injuries suffered and to make that party whole. *Miller v. Irvine*, 49 Ohio App.3d 96, 98 (3d Dist.1988). While the outcome of the job interview was, in the trial court's assessment, too speculative to support damages, there is nothing speculative about the scheduled job interview itself. Appellant could properly value that lost opportunity, even without reliance on an anticipated favorable outcome, at the actual cost of the travel incurred. We, therefore, sustain appellant's first assignment of error and reverse the trial court's denial of this item of damages and instruct the trial court to enter judgment accordingly.

{¶ 29} In accordance with the foregoing, appellant's first assignment of error is sustained. Appellant's second, third, fourth, fifth, and sixth assignments of error are overruled. The judgment of the trial court is reversed in part and affirmed in part and this

matter is remanded to the Franklin County Court of Common Pleas to enter judgment accordingly.

*Judgment affirmed in part,*
*reversed in part, and cause remanded.*

SADLER and DORRIAN, JJ., concur

GREY, J., retired, formerly of the Fourth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

---