[Cite as *Nolen v. Rase*, 2013-Ohio-5680.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

CARL NOLEN, et al.,                              :

    Plaintiffs-Appellants,                     :    Case No.   13CA3536

    vs.                                        :

MICHAEL RASE, et. al.,                           :    DECISION AND JUDGMENT ENTRY

    Defendants-Appellees.                      :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    Shane A. Tieman, P.O. Box 1365, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEES:    Robert R. Dever, Bannon, Howland & Dever Co., L.P.A.,
602 Chillicothe Street, Ste. 325, Portsmouth, Ohio 45662

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-17-13
ABELE, J.

{¶ 1}    This is an appeal from a Scioto County Common Pleas Court judgment in favor of Michael Rase and Deborah Rase, defendants below and appellees herein, on their counterclaim against Carl Nolen and Sue Nolen, plaintiffs below and appellants herein.

{¶ 2}    Appellants assign the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN ITS METHOD OF APPLYING
THE LAW OF ADVERSE POSSESSION[.]"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S FINDING THAT THE
DEFENDANT-APPELLEES HAD ADVERSELY POSSESSED

THE PROPERTY WAS AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE[.]"

{¶ 3}   The parties are contiguous landowners.   At the center of their dispute is a strip of land on the boundary between their properties.   Appellants commenced the instant action, and sought to have title to that land quieted in their favor.   Their complaint also averred that appellees trespassed, and in so doing, were unjustly enriched.   Appellants requested both compensatory and punitive damages.

{¶ 4}   Appellees denied liability and counterclaimed for a judgment that acknowledged that they acquired title to the land through adverse possession.   Appellants denied liability on the counterclaim.

{¶ 5}   In August 2011, with leave of court, appellees filed an amended counterclaim that charged that on one or more occasions, appellants killed the grass on their side of the property. Appellees requested $1,800 in compensatory damages as well as punitive damages.

{¶ 6}   After the October 21, 2011 bench trial, the trial court entered its December 12, 2012 judgment that found in favor of appellees on the first part of their counterclaim.   The trial court ruled "[t]here is no doubt from the testimony herein that the Defendants acted like owners of the land" in excess of the period necessary to establish title by adverse possession.   The court, however,   made no ruling on appellees' counterclaim regarding destruction of grass, but did find "no just cause for delay."   We dismissed an appeal from that judgment on jurisdictional grounds.   In so doing, we requested the trial court to resolve the second part of the counterclaim and the damage request.   See *Nolen v. Rase*, 4th Dist. Scioto No. 12CA3463, 2012-Ohio-4144.

{¶ 7}   On February 20, 2013, the trial court issued its decision   in favor of appellees on

their counterclaim for trespass.   However, the court ruled that appellees had not adduced sufficient evidence of their economic injury and, thus, awarded them no damages on their claim. This appeal followed.

{¶ 8}   We address the two assignments of error together because they assert that the trial court erred in finding for appellees on the adverse possession claim.   Specifically, appellants argue that insufficient evidence of adverse possession exists and that the trial court, in any event, misapplied the law to that evidence.

{¶ 9}   "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." See   *Grace v. Koch*, 81 Ohio St.3d 577, 692 N.E.2d 1009 (1998), at the syllabus; also see *Edgington v. Newman*, 4th Dist. Adams App. No. 11CA917, 2012-Ohio-4962, at ¶10.   An appeal of a ruling on an adverse possession claim is usually reviewed under a "manifest weight of the evidence" standard of review. *Thompson v. Hayslip*, 74 Ohio App.3d 829, 600 N.E.2d 756 (4th Dist. 1991); *Spurlock v. Pemberton*, 4th Dist. Lawrence No. 13CA1, 2013-Ohio-4002, at ¶17; *Pottmeyer v. Douglas*, 4th Dist. Washington No. 10CA7, 2010-Ohio-5293, at ¶21.   In other words, an appellate court will not reverse a trial court's decision on this issue if it is supported by some competent, credible evidence. See *Eastley v. Volkman*, 132 Ohio St.3d 328, 972 N.E.2d 517, 2012-Ohio-2179, at ¶14; *Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus (1978).   This standard of review is highly deferential and even the existence of "some" evidence is sufficient to support a court's judgment and to prevent a reversal. See *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist.

1997); *Willman v. Cole*, 4th Dist. Adams App. No. 01CA725, 2002-Ohio- 3596, at ¶24.

{¶ 10} In the case sub judice, the uncontroverted evidence indicates that appellants acquired their property in May 1976. The following month they constructed a fence between their land and the land that appellees later acquired. Their complaint also alleged that a 2010 survey shows that they own the disputed land on the other side of the fence.[1]

{¶ 11} Appellee Debra Rase testified that in 1978 she and her husband acquired the land from an aunt and always maintained the property up to what they thought was appellant's property at the fence-line. Her son, Ryan Rase, testified that he and his parents lived on the property for twenty-three to twenty-four years and his family always treated the fence line as the boundary. Although Appellant Carl Nolen testified that he used a "weed eater" to maintain the strip of land on the other side of the fence, Debra Rase testified that she did not witness any such maintenance.

{¶ 12} From our reading of the trial transcript, we readily conclude that ample evidence supports a finding of adverse possession for the requisite twenty-one years. Debra Rase testified that she and her husband maintained the land up to the fence line since they acquired the property in 1987. We readily acknowledge that Carl Nolen testified that he maintained his property on the other side of the boundary line after the fence's construction. However, the opposing witnesses disputed that assertion.

{¶ 13} A trial court, as the trier of fact, is free to believe all, some or none of the testimony of any witnesses. *Chefor v. Morgan*, Franklin App. No. 13AP–100, 2013-Ohio-4213,

---

[1] Appellant Carl Nolen conceded that he and his neighbors (appellees) got along peacefully for "23 years" until a dispute erupted over the number of dogs that appellee maintained on their property.

at ¶22; *Boyd v. Cogan*, 4th Dist. Scioto No. 11CA3424, 2012-Ohio-1604, at ¶17. The rationale behind this principle is that the trier of fact is in the best position to view witnesses and to observe their demeanor, gestures, and voice inflections, and to use those observations to weigh evidence and assess witness credibility. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *Ati Performance Prods., Inc. v. Stevens*, 4th Dist. Hocking No. 12CA6. 2013-Ohio-1313, at ¶7.

{¶ 14} Here, it is clear that the trial court opted to believe the appellees' testimony as to who maintained the land. It is also clear that the trial court disregarded appellant's testimony that he maintained the land on the other side of the fence that he erected in 1976. This is within the trial court's province as trier of fact. Therefore, we believe that ample evidence exists to support the trial court's judgment.

{¶ 15} Appellants also object to the manner in which the trial court viewed their 1976 erection of the chain-link fence and the court's conclusion that "when a party erects a fence and treats the land on one side of the fence as their own, there's generally little question that possession is exclusive, and use of the land is open, notorious and adverse to the interest of the record." Under somewhat similar circumstances, we held:

" * * * * The doctrine of acquiescence is applied in instances when adjoining land owners occupy their respective properties up to a certain line and mutually recognize and treat that line as if it is the boundary that separates their properties. Acquiescence rests on the practical reality that oftentimes, the true boundary line location is uncertain and neighbors may themselves establish boundaries. To apply this doctrine: (1) adjoining landowners must treat a specific line as the boundary; and (2) the line must be so treated for a period of years, usually the period required for adverse possession." (Citations omitted.)

See *Powell v. Vanlandingham*, 4th Dist. Washington No. 10CA24, 2011-Ohio-3208, at ¶30; *Burkitt v. Shepherd*, 4th Dist. Pike No. 05CA754, 2006–Ohio–3673, at ¶15.

{¶ 16} In short, whatever else is said about the case sub judice, and despite the 2010 survey, the parties treated the fence line, that appellants erected, as the boundary for over twenty-one years. The evidence shows that appellees treated this as the boundary line and that appellants acquiesced to it as their boundary as well.

{¶ 17} For all of these reasons, we find no error in the trial court's ruling regarding the boundary of the two properties. Accordingly, we hereby overrule both of appellants' assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court


BY:_____
Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.