[Cite as *Wilson v. Britton*, 2019-Ohio-3333.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| ROBERT A. WILSON, ET AL., | : | |
| | : | Case No. 18CA24 |
| Plaintiffs-Appellees, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JULIE BRITTON, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 08/14/19** |

APPEARANCES:

William L. Burton and Donald W. Burton, Marietta, Ohio, for Appellant.

Matthew Carlisle and Adam J. Schwendeman, Marietta, Ohio, for Appellees.

McFarland, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry in favor of Appellees, Robert and Deva Wilson, which held that Appellant, Julie Britton, committed civil trespass and ordered her to remove mobile homes and other personal property from Appellees' property. The entry also denied Appellant's counterclaim for adverse possession. Because we find the trial court did not err, we affirm the judgment of the trial court.

FACTS

{¶2} Appellees filed a complaint against Appellant on March 24, 2017 and an amended complaint on April 28, 2017 alleging that Appellee committed a civil

trespass because her real and personal property (e.g. mobile homes) encroached on Appellees' real property. Appellant filed an answer and counterclaim on May 24, 2017 asserting that she had acquired Appellees' encroached property by adverse possession.

{¶3} In granting judgment in favor of Appellees, the trial court made the following findings of fact and conclusions of law:

"Appellant purchased a parcel of property from a sheriff's sale on March 1, 1996. The deed was dated April 10, 1996 and recorded May 6, 1996. Parcel Number 34-64780.000 describes 0.25 acres, more or less. Plaintiffs acquired the adjacent property by deed recorded on October 20, 2016. A survey revealed that Defendant's mobile home encroached on the property of Plaintiffs with the line passing through the middle of the home. Aerial photos submitted as joint Exhibits C, E, and O and testimony adduced at trial establish that essentially the entire area occupied by Defendant and the various outbuildings are on Plaintiffs' property. Defendant's testimony acknowledged that she was unsure of the actual property line and that a surveyor she had hired at some point had quit, did not complete the survey, and said, "There wasn't enough room to put anything, even a tent. She testified variously

that she had "thought" or "assumed" that the area occupied by her predecessors was the area she had purchased. In fact, the exhibits show her quarter acre to be a hillside, which was uninhabitable.

On the evidence before it, the Court finds:

1. Plaintiffs established by a preponderance of the evidence the location of their property line.

2. The tax map line as depicted on Joint Exhibit C indicates the Plaintiffs' property line.

3. The two mobile homes and personal property as seen on Joint Trial Exhibit C are encroaching on Plaintiffs' property and constitute a civil trespass.

4. Defendant has failed to establish adverse possession by clear and convincing evidence.

Upon these findings, the Court Orders Defendant to remove the mobile homes and other miscellaneous personal property from Plaintiffs' real property within six (6) months after this Order, that any personal property at the site after that date shall be considered abandoned with its ownership reverting to Plaintiffs, that each party be responsible for their own attorney fees and that costs be assessed to Defendant."

**{¶4}** It is from this judgment that Appellant appeals, asserting three assignments of error.

ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ERRED IN RULING FOR APPELLEE ROBERT A. WILSON.

II.   THE TRIAL COURT MISTAKENLY APPLIED THE DATES OF DEED EXECUTION AND RECORDATION TO THE TWENTY-ONE YEAR PERIOD FOR ADVERSE POSSESSION, INSTEAD OF THE DATE OF ACTUAL POSSESSION.

III.  THE TRIAL COURT IGNORED THE ESTABLISHED PRINCIPAL OF "TACKING" WHEN IT ANALYZED ADVERSE POSSESSION."

STANDARD OF REVIEW

**{¶5}** "An appeal of a ruling on an adverse possession claim is usually reviewed under a 'manifest weight of the evidence' standard of review." *Nolen v. Rase*, 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, ¶ 9, citing *Thompson v. Hayslip,* 74 Ohio App.3d 829, 600 N.E.2d 756 (4th Dist. 1991); *see also Spurlock v. Pemberton,* 4th Dist. Lawrence No. 13CA1, 2013-Ohio-4002, at ¶ 17; *Pottmeyer v. Douglas,* 4th Dist. Washington No. 10CA7, 2010-Ohio-5293, ¶ 21. In a manifest weight of the evidence review [w]e must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that

the [judgment] must be reversed and a new trial granted. *In re C.L.C.*, 4th Dist.

Highland No. 08CA3, 2008-Ohio-3312, ¶ 22, citing *State v. Smith,* 4th Dist.

Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 41. However, "a reviewing court

may not simply 'reweigh[ ] the evidence and substitute[ ] its judgment for that of

the [trier of fact].' " *Rudolph v. Chisnell*, 9th Dist. Wayne No. 08CA0012, 2008-

Ohio-4998, ¶ 6, quoting *State v. Wilson,* 113 Ohio St.3d 382, 865 N.E.2d 1264,

2007-Ohio-2202 at ¶ 40. "[A]n appellate court will not reverse a trial court's

decision on this issue if it is supported by some competent, credible evidence."

*Rase*, 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, at ¶ 9, citing *Eastley v.*

*Volkman,* 132 Ohio St.3d 328, 972 N.E.2d 517, 2012-Ohio-2179, at ¶ 14. "[The

weight-of-the-evidence] standard of review is highly deferential and even the

existence of 'some' evidence is sufficient to support a court's judgment and to

prevent a reversal." *Id*., citing *Barkley v. Barkley,* 119 Ohio App.3d 155, 159, 694

N.E.2d 989 (4th Dist. 1997).

{¶6} Initially, we note that in addition to finding that Appellant did not

prove her counterclaim of adverse possession by clear and convincing evidence,

the trial court also concluded that Appellant committed a civil trespass because her

property was encroaching on Appellees' property. Appellant has not challenged

that finding of civil trespass in this appeal. She challenges only the trial court's

conclusion that she did not prove adverse possession of Appellees' property.

ASSIGNMENT OF ERROR I

{¶7}  In her first assignment of error, Appellant contends the trial court erred in holding that she did not prove adverse possession.  Appellant claims the trial court's decision is against the manifest weight of the evidence in that she has submitted "competent credible evidence at trial to support each element of adverse possession."

{¶8}  "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years."  *Rase*, 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, ¶ 9, citing *Grace v. Koch,* 81 Ohio St.3d 577, 692 N.E.2d 1009 (1998), at the syllabus, *Edgington v. Newman,* 4th Dist. Adams App. No. 11CA917, 2012-Ohio-4962, at ¶ 10.  Failure of proof as to any of the elements results in failure to acquire title by adverse possession.  *Grace v. Koch*, 81 Ohio St.3d 577, 579, 1998-Ohio-607, 692 N.E.2d 1009, citing *Pennsylvania Rd. Co. v. Donovan,* 111 Ohio St. at 349-350, 145 N.E. 479 at 482.

{¶9}  "Clear and convincing evidence is the degree of evidence necessary to elicit in the mind of the trier of fact a firm belief * * * as to the allegations to be established."  *Amsbary v. Brumfield*, 177 Ohio App.3d 121, 2008-Ohio-3183, 894 N.E.2d 71, ¶ 13 (4th Dist.), citing *In re Haynes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986).  But, "[t]he law generally disfavors the transfer of property by

adverse possession; therefore, claims based on adverse possession are to be strictly construed in favor of the person who has title to the property." *Bierhup v. Leaco, Inc.*, 4th Dist. Jackson No. 94 CA 742, 1995 WL 389292, at *2, citing *Montieth v. Twin Falls United Methodist Church, Inc.*, 68 Ohio App.2d 219, 224, 428 N.E.2d 870 (1980), *Demmit v. McMillan,* 16 Ohio App.3d 138, 141, 474 N.E.2d 1212 (2nd Dist. 1984), quoting 5 Thompson, Commentaries on the Modern Law of Real Property (1979) 604, Section 2543.

{¶10} In its findings of fact and conclusions of law, the trial court summarily stated that "Defendant has failed to establish adverse possession by clear and convincing evidence."  After reviewing the party's arguments and the record, the critical question appears to be whether Appellant possessed/used (hereinafter "possessed") the property for the required 21-year period.

{¶11} Appellant argues that she began living on the property the day that she purchased it, March 1, 1996, and that she lived on the property until the date that Appellees filed their law suit on March 24, 2017.  Therefore, Appellant argues, she possessed it for 21 years and 23 days, which could satisfy the 21-year period of adverse use required by adverse possession.

{¶12} Appellant testified that she began living on the property in question on March 1, 2016.  However, she also testified that she hired a surveyor who told her that " 'there's not enough room here down by the road to put anything, not even a

tent.  Not a camper, nothing.' "  Consequently, Appellant testified that she "went and rented a trailer spot."

{¶13} Appellant did not testify how long she rented a trailer spot, but it nevertheless contradicts her testimony that she lived on the property beginning on March 1, 2016.  Accordingly, it is uncertain when Appellant began her possession of the property, but it was later than March 1, 2016.

{¶14} Appellant also testified that when Appellees purchased the property adjacent to hers, she saw surveyors in the woods and orange flags.  Appellant claims that in July of 2017 Appellee Robert Wilson told her she "was on his property and [she] needed to give him $10,000, or move."  Appellant told him she "thought that it was [her] property."

{¶15} On cross examination Appellant stated that she was "pretty sure" that Appellee Robert Wilson spoke to her in July of 2017.  However, when she was reminded that the lawsuit was filed prior to July of 2017, Appellees' counsel stated "then you would have spoken to him on a different date than you testified to, correct?  Appellant responded: "I spoke to him before the lawsuit, yes."

{¶16} Further, Appellee Robert Wilson testified that after the surveyor revealed Appellant's encroachment onto his property, he testified he spoke to Appellant about the problem in February of 2017.  He testified that he told Appellant that she needed to buy the property or move.

{¶17} Accordingly, there is also testimony that contradicts Appellant's assertion that she adversely possessed/used the property until March 24, 2017.

{¶18} In light of the conflicting evidence as to whether Appellant possessed the land in question for 21 continuous years, the need to construe adverse possession claims "in favor of the person who has title to the property," and the requirement that Appellant must prove adverse possession by clear and convincing evidence, we find that the trial court, the trier of fact in this case, did not lose its way. We agree that Appellant did not prove, by clear and convincing evidence, adverse possession of the property in question. Accordingly, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR II

{¶19} In her second assignment of error, Appellant asserts the trial court mistakenly applied the dates of deed execution and recordation to the 21-year period for adverse possession, instead of the date of actual possession.

{¶20} In its findings of fact, the trial court sets out the recording dates of Appellant's and Appellees' deeds respectively, but it makes no mention of those dates being used to determine the 21-year period required for adverse possession. Rather, the trial court's conclusion that Appellant did not prove adverse possession is consistent with our analysis of Appellant's first assignment of error, i.e. the trial court did not lose its way in holding that Appellant did not clearly and

convincingly prove that she possessed the property in question for the required 21-year time period.

{¶21} Also, assuming for the sake of argument that the trial court relied on the dates of the deeds to determine Appellant's adverse possession of the property in question, based on our analysis of Appellant's first assignment of error, the error would be harmless under Civ.R.61.  Therefore, we overrule Appellant's second assignment of error.

ASSIGNMENT OF ERROR III

{¶22} In her third assignment of error, Appellant alleges the trial court ignored the established principal of "tacking" when it analyzed adverse possession. Appellant argues that even if she did not adversely possess the property for the required 21-year period, the time that she did adversely possess the property may be "tacked" (i.e. added) onto the period of time the previous owner adversely possessed the property in order to satisfy the required 21-year period for adverse possession.

{¶23} The law provides that "[i]t is not necessary that possession for the full 21 years be continuous in one person, for the doctrine of tacking the possession of successive owners has been adopted in Ohio." *Ault v. Prairie Farmers Co-Operative Co.*, 6th Dist. Wood No. WD-81-21, 1981 WL 5788, *2, citing *McNeely v. Langan*, 22 Ohio St.32 (1871).

{¶24} "In order to tack a predecessor's use of property, an adverse possession claimant initially must establish that the claimant and the predecessor are in privity." *Cline v. Rogers Farm Enterprises, LLC*, 4th Dist. Pickaway No. 16CA7, 2017-Ohio-1379, 87 N.E.3d 637, ¶ 34, citing *Hawn v. Pleasant*, 4th Dist. Scioto No. 98CA2595, 1999 WL 366584, *6. But "privity, for adverse possession purposes, does not require a contractual relationship between successive property owners." *Id*. at ¶ 38. Rather, privity requires "that one receive *possession* from the other by some act such other or by operation of law." (Emphasis added.) *Bullion v. Gahm*, 164 Ohio App.3d 344, 2005-Ohio-5966, 842 N.E.2d 540, ¶ 19 (4th Dist.), quoting *Keezer v. Deatrick* (1988), Paulding App. No. 11-87-8, 1988 WL 126760, quoting 2 Ohio Jur.3d 525, et seq., Adverse Possession, Section 27. Most important in this case, "the pertinent inquiries when evaluating privity in the adverse possession context are whether the adverse claimant and the predecessor(s) *successively-and without interruption*-occupied the property and whether a transfer of possession by any means, in fact, occurred." (Emphasis added.) *Cline*, 4th Dist. Pickaway No. 16CA7, 2017-Ohio-1379, 87 N.E.3d 637 at ¶ 34, citing *McNeely*, 22 Ohio St. at 37 (1871). To demonstrate continuous use an adverse claimant must show that there was no "substantial interruption" in his use of the property. *Gahm*, 164 Ohio App.3d 344, 2005-Ohio-5966, 842 N.E.2d 540, at ¶ 20. "[D]aily or weekly use [is] [ ] not [ ] required, as long as the use shown is continuous enough

to indicate prolonged and substantial use." *Id.* quoting *Ault v. Prairie Farmers Co-Operative Co.*, 6th Dist. Wood App. No. WD-81-21, 1981 WL 5788, *see also Pottmeyer v. Douglas*, 4th Dist. Washington No. 10CA7, 2010-Ohio-5293, ¶ 37.

{¶25} John A. Tullius, a witness for the Appellant, testified that his grandparents lived on the property in question, and he (Tullius) spent a significant amount of time on the property as a child. Tullius testified that there were several structures on the property, including an "old house," a "new house," and a two-car garage. Tullius testified that his family owned and lived on the property from 1957 until it was abandoned in "probably [the] early '90s, late '80s."

{¶26} Appellant claims that Olive Richie or his employer, Constitutional Stone, was the owner of the property immediately prior to her purchase of the property. However, Appellant fails to provide any citation to the record for this assertion, and we cannot find any evidence of such ownership or adverse possession in the record during this period. In fact, Appellant testified that when she purchased the property, it was abandoned.

{¶27} Accordingly, we find no evidence regarding the hostile possession of the property in question by Tullius' grandparents to the time that Appellant took ownership/possession sometime in 1996, i.e. it was abandoned. At best from Appellant's perspective, this is a gap of at least several years in hostile possession of the property.

{¶28} Strictly construing this testimony, we find that this period of abandonment was a "substantial interruption" in the continuous hostile possession of the property so as to make tacking inapplicable. *Compare Gahm*, 164 Ohio App.3d 344, 2005-Ohio-5966, 842 N.E.2d 540, ¶ 20 (4th Dist.) (four-month gap in adverse possession did not interrupt continuity for purposes of an adverse possession action). Accordingly, we overrule Appellant's third assignment of error.

## CONCLUSION

{¶29} In holding "[Appellant] has failed to establish adverse possession by clear and convincing evidence," we find that the trial court, as the trier of fact in this case, did not clearly lose its way so as to create a manifest miscarriage of justice to justify a new trial. Accordingly, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**